### J. B. Rhea v. The State.

*No. 1101.   Decided February 10th, 1897.*

**1.   Assault With Intent to Murder—Evidence.**

On a trial for assault with intent to murder, it was not error to allow the State to prove by a witness, on cross-examination, that he had stated before the grand jury, that, on the day of the difficulty, and directly thereafter, he saw blood on defendant's face and hands, to which the witness answered, he did not recollect; and there being no attempt to contradict him in this respect, it was not error for the court to refuse to allow defendant's counsel to examine the grand jury book.

**2.   Same—Evidence of Prosecutor's Good Reputation for Peace.**

On a trial for assault with intent to murder, where defendant had proved, that previous to the difficulty the prosecutor had made threats against him; and also proved, that in the difficulty the prosecutor, before defendant struck him, made a hip-pocket movement, as if to draw a pistol. Held: That the State was properly permitted to prove that the prosecutor had a good reputation for peace in the neighborhood in which he lived, in order to show that there was not the same reasonable ground for apprehension as if the party assaulted bore the reputation of a dangerous man. Following, Horbach v. State, 43 Texas, 242.

**3.  Same- -Charge—Provoking Difficulty—Self-Defense.**

On a trial for assault with intent to murder, where the court, in connection with self-defense as predicated upon the State's theory, instructed the jury, "That if defendant sought the meeting with W., for the purpose of provoking a difficulty, with intent to take his life or do him serious bodily injury, the defendant would not be permitted to justify on the ground of self-defense, etc., but if he have no such intention in seeking the meeting with said W., his right of self-defense would be perfect." Held: From the State's standpoint, there could possibly be no injury to defendant, because there was no self-defense in the case; and especially so, where the court, upon defendant's theory instructed the jury to the effect, that if the assault was in fact made by defendant, but he, in good faith abandoned the conflict, and was subsequently attacked by W., and in order to protect himself, struck W., and knocked him down, he would be justified and should be acquitted; and further, that, "If at the time defendant assaulted W., W. made such demonstrations as to produce in defendant's mind a reasonable expectation or fear of death, or of serious bodily injury, and defendant struck W. in order to protect himself, the defendant would not be guilty." These charges could not have misled the jury and produced confusion in their minds.

APPEAL from the District Court of Palo Pinto.    Tried below before Hon. J. H. STRAUGHAN.

Appeal from a conviction for aggravated assault and battery; penalty, a fine of $500.

The indictment charged appellant with an assault with intent to murder one R. S. Weitzell, on the 31st of December, 1894.

The opinion states the case.

*Lanham & McCall,* for appellant.—The court erred in allowing the District Attorney to present to the witness, Wood, the book containing the testimony of Wood as given before the grand jury, and in allowing the attorney to prove the witness' signature to the statement, and in refusing the demand of defendant's counsel to inspect the book and the evidence of Wood.

The witness, Wood, having been examined by defendant's counsel was then turned over to the State's counsel, and the District Attorney asked Wood if he did not testify before the grand jury, to which the witness answered "Yes."    He was asked if his testimony was not written down, and to this he made the same reply.    Then the attorney for the State produced a book, and showing a signature, asked the witness if that was not his signature.    Witness said it was.    He then asked Wood if he swore in the grand jury room that Rhea had blood on his face and hands.    Thereupon defendant's counsel demanded of the court to compel State's counsel to allow them to see the book containing Wood's written statement, which the court refused and the defendant excepted.    And Wood answered that he did not recollect that he had sworn that—he did not recall whether such a question was asked.  Willson's Crim. Stat., § 751; Early v. State, 9 Tex. Crim. App., 476.

The court erred in allowing the State to prove that the character of the prosecuting witness for peace or violence was good, as shown by bill of exceptions No. 2, because his character was not an issue in the case.

The court erred in that portion of the charge wherein he told the jury

that if the defendant committed the assault as a means of defense, etc., they should acquit him, unless they believe that defendant sought Weitzell for the purpose of provoking a difficulty, the said charge is misleading and not applicable, because there was no proof in the record that Rhea sought Weitzell for the purpose of provoking a difficulty, the facts showing beyond dispute that Rhea was at his own place of business, and that Weitzell came there.

We think the statement of facts show that Rhea did not seek Weitzell at all—Weitzell came to Rhea's place of business. Rhea ordered him out of the inclosure. There is no evidence that Rhea sought Weitzell for the purpose of provoking a difficulty.

*Mann Trice*, Assistant Attorney-General, and *Nat. P. Jackson*, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $500, and he appeals. There was no error in the action of the court in permitting the State to prove by the witness Wood, on cross-examination, that he was before the grand jury, and testified in this case, and then showing him his signature in the grand jury docket, and proving by him that the same was his signature, and then in permitting State's counsel to ask said witness whether or not he stated before said grand jury that on the day of the difficulty, and directly thereafter, he saw blood on Rhea's face and hands. The witness answered that he did not recollect whether he was asked such a question. And also, in this connection, in refusing to allow appellant's counsel to examine the grand jury book and signature, we think there was no error. The bill shows no prejudice to the defendant. The witness stated that he did not recollect as to whether the question was asked him about Rhea having blood on his face and hands, and no attempt is shown to contradict said witness in this respect. Appellant also complains that the court allowed certain witnesses for the State to testify that the prosecuting witness, R. S. Weitzell, had a good reputation for peace in the neighborhood in which he had lived. The court explains that this testimony was admitted on the ground that defendant proved that Weitzell, previous to the difficulty, had made a threat against the defendant. We would further observe in this connection that said testimony was pertinent, not only in that connection, but because the defendant proved that before he struck the prosecuting witness, Weitzell, said Weitzell made a hip-pocket movement, as if to draw a pistol. In Horbach v. State, 43 Texas, 242, it was held that this character of testimony was admissible for the defendant in order to justify his acts, where a demonstration is made as if to draw a pistol, to-wit, that the party attempting to draw it had a reputation as a violent and dangerous man; and we see no reason why testimony that he does not bear such a character should not be introduced on the part of the State, in order to show that there was not the same reasonable

ground for apprehension as if the party assaulted bore the reputation of being a dangerous man.

There was no exception taken to the charge of the court, nor to the refusal of the court to give certain special instructions asked by the appellant. Appellant assigns as error the action of the court in giving to the jury a charge on provocation in connection with the charge on self-defense. The court, in connection with the charge on self-defense, instructed the jury "that if defendant sought the meeting with Weitzell for the purpose of provoking a difficulty with the intent to take his life, or do him serious bodily injury, the defendant would not be permitted to justify on the ground of self-defense, etc.; but, if he had no such intention in seeking the meeting with said Weitzell, then his right of self-defense would be perfect." The State's witnesses tended to establish the theory, in which there was no element of self-defense at all, to-wit: that the prosecutor and another man, named Lindsey, came in at the gate to the inclosure of a certain coal mine, and that defendant cursed and abused Weitzell (the prosecutor), and told him to get out of there; that Weitzell immediately proceeded to get out; and that defendant, notwithstanding his starting to leave, picked up a large stick or piece of wood, and pursued him, and struck him the first blow on the arm, following him out of the inclosure. Prosecutor, Weitzell, picked up a stick, and turned on him, and struck him with it, while he was being pursued by defendant; and defendant then struck him on the head, and knocked him down, and then struck him again, while he was down. The defendant, by his testimony, traverses this theory, and testified substantially: That prosecutor was bothering his hands at the mine. That he was told to keep out of there. That when he saw him come in at the gate, on which was posted the notice, "No admittance," he told Weitzell to get out of there, and might have cursed him. That Weitzell and Lindsey were then fifteen or twenty feet within the inclosure; and Weitzell said, "I will get out," but at the same time he threw his hand behind him, as if to draw a pistol. The defendant then picked up a piece of timber which had been used as a standard on a wagon (about one and three-fourths inches wide, and two feet long) and struck at Weitzell, who threw up his arm, and he gave him a glancing lick on the arm. He then moved on towards the gate. That he was motioning his hand to him, and telling him to get out of there; and Weitzell picked up a piece of scantling, like the one defendant had, and rushed upon him, and struck him in the face, about the mouth, and also on the hand, drawing blood from both wounds. That defendant then struck Weitzell with a piece of timber he had, because he thought Weitzell was going to draw a weapon, and knocked him down on his all fours. That he struck him one more blow on his body after he knocked him down. Now, if the difficulty occurred according to the State's evidence, the defendant not only provoked the difficulty, but he did more,—cursed and abused the prosecutor, and did not wait for him to make an assault; but he followed

this up by assaulting him, and pursued him, and knocked him down, inflicting serious bodily injury. From the State's standpoint, the ·charge in question could not possibly injure the appellant, because there was no self-defense in the case at all. On the other hand, in favor of the defendant, the jury were instructed specifically upon his testimony. The jury were specially instructed that if the defendant made an unlawful assault upon Weitzell, and in good faith withdrew from the conflict, and if Weitzell subsequently attacked defendant, and if defendant, in ·order to protect himself, struck Weitzell, and knocked him down, in such case he would be justified, and should be acquitted. Furthermore, the jury were instructed: "If, at the time defendant assaulted Weitzell, Weitzell made such demonstration as to produce in the mind of the defendant a reasonable expectation or fear of death or of serious bodily injury, and defendant struck Weitzell in order to protect himself, the defendant would not be guilty." These are charges presented on the defendant's theory, as suggested by his evidence, and are without limitation or qualification. Of course, if the difficulty occurred as the State's witnesses testified that it did, as before stated, defendant not only provoked the difficulty, but followed up his provocation by an actual assault, and the party was leaving, under his directions, when he was pursued by the appellant, and felled to the ground. We do not believe the charges as given could have misled the jury, or have produced in their minds any confusion. Evidently, they did not believe the version of the case as presented in the defendant's testimony, but believed the evidence of the witnesses who swore on behalf of the State. There appearing no errors in the record, the judgment is affirmed.

*Affirmed.*