## Ben Duncan v. The State.

No. 1625. Decided May 24, 1899.

### 1. Witness—Privilege as to Incriminating Matter.

As a general rule a witness will not be compelled to incriminate himself, but where the rule applies, the witness only can take advantage of it; an accused can not object to testimony of a codefendant upon the ground that it will inculpate or incriminate such codefendant.

**2. Same—Codefendant.**

A witness is not incompetent to testify for the State because indicted or informed against for the same offense.

**3. Same—Leading Questions.**

A witness who had testified on a previous occasion, but upon a subsequent trial is unwilling to testify, may be asked leading questions.

APPEAL from the District Court of Frio. Tried below before Hon. M. F. LOWE.

Appeal from a conviction for fornication; penalty, a fine of $180.

No statement necessary.

*I. N. Spain* and *J. M. Eckford,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.—Leading questions may be asked when the witness is an unwilling one. White v. State, 10 Texas Crim. App., 397; Taylor v. State, 23 Texas Crim. App., 629; Navarro v. State, 24 Texas Crim. App., 378; Spiars v. State, Austin term, 1899, ante, p. 437.

Particeps criminis witnesses are competent when introduced by the State. They are only incompetent as witnesses for the defense. Code Crim. Proc., art. 771; Bolton v. State, 43 S. W. Rep., 984; Rutter v. State, 4 Texas Crim. App., 57; Rangel v. State, 22 Texas Crim. App., 642; Meyers v. State, 3 Texas Crim. App., 9.

A witness who testified on a former trial may, as original testimony, be examined as to such former testimony and asked if it was not the truth. Spiars v. State, Austin term, 1899; White v. State, 10 Texas Crim. App., 397.

The right to refuse to testify because the answers would incriminate the witness is a personal and exclusive one, and can not be complained of by anyone but the witness himself. Whart. Crim. Ev., sec. 464; see note from Rex v. Garbett, 1 Denio, 236; Whart. Crim. Ev., sec. 665.

It is further submitted that the witness having once waived her privilege and testified upon the former trial, disclosing the criminating facts, the reason of the law had thereby ceased, and the witness having on the previous trial testified to every criminating fact, the evident purpose on this trial being to shield her paramour instead of herself, the court did not err in causing her to testify. Whart. Cr. Ev., secs. 470, 471, 444, also note 1, and authorities cited; Id., sec. 665.

DAVIDSON, PRESIDING JUDGE.—This conviction was for fornication.

During the trial the State called Olivia Cruz, the alleged paramour, as a witness. Her testimony was objected to on various grounds, to wit, because it tended to criminate her, was improper and immaterial, and her examination was not the detailing of facts, but simply the statement of what she had testified on a former trial. The court overruled these objections, and permitted her to testify. As a usual rule, a witness will not be compelled to incriminate himself, but there are exceptions

to this rule, as well established as the rule itself. But, where the rule applies, the witness only can take advantage of it. It does not lie in the mouth of the defendant to object. The witness was not incompetent for the State by reason of the fact that she had been indicted or informed against for the same offense. A witness may, under such circumstances, testify for the prosecution, under the statute, but not for the accused, pending the prosecution against the witness. This witness had testified on a previous occasion, and, being an unwilling one on the subsequent trial, the court permitted the county attorney to lead her. Under the facts stated by the trial judge, we see no error in this matter.

We are of opinion the evidence fully justifies the conviction. It shows that defendant was an unmarried man, and also shows habitual carnal intercourse between the parties without living together. Fornication itself was sufficiently proved, in our judgment, independent of the paramour's testimony. The judgment is affirmed.

*Affirmed.*