## DUG MENEFEE V. THE STATE.

### No. 3313.   Decided June 25, 1906.

**1.—Murder in Second Degree—Reputation of Deceased.**

Where upon trial for murder, the defendant testified and introduced evidence as to threats made by deceased against his life, and that they were communicated to him; that he went to see the deceased in regard to such threats, and that the deceased and his companion made demonstrations against him, etc., and that he justified himself for killing deceased because of such threats, there was no error in permitting the State under article 713, Penal Code, to introduce evidence of the good reputation of deceased as being a quiet and peaceable man.

**2.—Same—Res Gestae—Shooting of Third Party—Same Transaction.**

On trial for murder, there was no error in admitting testimony regarding the shooting by the defendant of the companion of the deceased, the same occurring at the same time and during the same transaction as the killing of deceased.

**3.—Same—Evidence—Motive—Relationship   Between   Defendant   and   Third Party.**

Where upon trial for murder, the evidence showed that the wife of the companion of deceased and the defendant were unduly familiar, and that the shooting of deceased and his companion by the defendant arose from certain statements made by them with reference thereto, there was no error in admitting testimony on this line to show motive on the part of the defendant for the homicide,

**4.—Same—Defendant's Declarations—Threats.**

Upon a trial for murder where the evidence showed that defendant killed deceased and at the same time wounded the latter's companion, it was competent for the State to prove the threats made by defendant against both.

**5.—Same—Manslaughter—Self-Defense.**

Where upon trial for murder, the evidence was such as not to raise the issue of manslaughter, and doubtful as to the issue of self-defense; but the court instructed properly upon both of these issues, the defendant could not complain.

Appeal from the District Court of Cherokee.   Tried below before the Hon. James I. Perkins.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Buford & Buford,* for appellant.—On question of reputation of deceased:  Keith v. State, 94 S. W. Rep., 1044; Gregory v. State, id., 1041; Wakfield v. State, id., 1046.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of ten years; hence this appeal. ·

The circumstances of the killing show that appellant claimed that deceased (George Brown) and Bill Berry (who were negroes) had threatened his life and that of his mother; and that he went to see them in regard to it, and they made some demonstration as if to attack

him, and he shot both of them, wounding Bill Berry and killing George Brown. The State's theory was that he had formed a grudge against Brown and Berry for making some reports against him in the neighborhood, in regard to keeping the wife of Bill Berry, who had separated from him; and that he said he was going to kill both of said parties, prepared himself beforehand with a shotgun, went to where they were, and shot them down, without any demonstration on their part against him.

By a number of bills of exception appellant questions the action of the court in admitting evidence of the good reputation of deceased as being a quiet and peaceable man. His objection urged against this testimony was that he had not put the reputation of George Brown in issue, and that it was not competent for the State to do so in the first instance. We believe under our statute that appellant had put the reputation of Brown as being a peaceable and quiet man or dangerous character in issue; article 713, Penal Code. Under this article appellant had introduced evidence of threats made by deceased against his (appellant's) life, who testified they were communicated to him. He also testified to circumstances that showed justification on his part. He says in his testimony that he went to see said Brown and Berry, in regard to threats they had made to kill him and his mother; and that both parties made a demonstration against him, when he came up, and asked them in regard thereto. Berry ran his hand in his bosom to get a gun, and deceased, Brown, ran his hand in his pocket and pulled his knife out. We take it that under this character of testimony, appellant sought to justify himself for killing Brown, because of previous threats made against him by Brown, and the demonstration as if to execute said threats. Under this state of case said testimony of character was admissible by either side. The State was authorized to take the initiative and introduce evidence of the good character of the deceased as being a peaceable and quiet man and one not likely to execute threats. Russell v. State, 11 Texas Crim. App., 288; Rhea v. State, 37 Texas Crim. Rep., 138; Sims v. State, 38 Texas Crim. Rep., 642.

Appellant objected to the introduction of any testimony regarding the shooting of Bill Berry on the ground that appellant was being tried for the alleged murder of George Brown, and that the shooting of Berry was a different transaction. We do not agree with this contention. The killing of Brown and the shooting of Bill Berry were at the same time and during the same transaction; and the shooting of the latter was admissible as a part of the res gestæ on appellant's trial for the murder of Brown. It is not necessary to cite authorities on this proposition.

Appellant also reserved a number of bills of exception to the introduction by the State, of evidence showing relationship between him and Honey Wade Berry (wife of Bill Berry) from whom he had separated. It appears that after the separation appellant hired Honey Wade

Berry to cook for him, and the evidence showed a degree of familiarity between them; and further showed that the homicide, according to the State's theory, occurred because of some remarks of Brown and Berry in regard to appellant's conduct with Honey Wade Berry. Evidently their threats, if any, according to the State's theory, grew out of this matter. According to appellant's own testimony he claimed that George Brown (deceased) and Bill Berry were telling lies on him in the neighborhood in regard to his conduct with Honey Wade Berry. We believe that testimony on this line was admissible as showing a motive on the part of appellant for the homicide.

We also believe that it was competent for the State to prove the threats made by appellant against Berry as well as Brown.

In view of the evidence, the court's charge on manslaughter was sufficient. In fact, we do not believe there was any manslaughter in this case. We believe that the court's charge on self-defense, if defendant was entitled to a charge on that subject at all, was adequate under the facts of this case.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.