## Ex Parte Wash Taylor.

No. 1578.　Decided November 8, 1911.

**Habeas Corpus—Judgment—Appeal—Void—Voidable.**

A writ of habeas corpus is not available as the means of effecting the purpose of an appeal, and unless the irregularity in obtaining the judgment is such as to render the same void, and not merely voidable, the Court of Criminal Appeals will not grant relief on habeas corpus and go behind such judgment. Following Cox v. State, 53 Texas Crim. Rep., 241, and other cases.

Appeal from the County Court of Guadalupe. Tried below before the Hon. J. M. Woods.

Appeal from habeas corpus denying defendant's release on a voidable judgment.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HARPER, Judge.—Relator was tried in the County Court of Guadalupe County, charged with the offense of theft of property under fifty dollars. The jury in said cause found relator guilty and assessed his punishment at a fine of one hundred dollars and thirty days imprisonment in the county jail.

As shown by this record, no motion for a new trial was filed, and no notice of appeal given, but relator when confined in jail under said judgment, sued out a writ of habeas corpus, alleging: "Your petitioner would represent that he was tried and convicted, and was not personally present at said trial when the court charged the jury in said cause, and that he was absent through no fault of his. That said judgment of conviction is an absolute nullity and in violation of the statutory law of this State."

The application was presented to the county judge of Guadalupe County, who granted the writ. The cause was heard on the 17th day of October, and relator was remanded by the county judge, from which judgment relator prosecuted this appeal.

It appears that on the trial of this case no exception was reserved to the action of the court, if he did read the charge in the absence of the defendant, on the trial of the case. This being a misdemeanor, in which it is compulsory for the court to assess a jail penalty, the defendant had the right to be present at all stages of the trial, and if appellant had filed a motion for a new trial, and shown that without his consent the trial in part was conducted during his absence, he should have been granted a new trial, and if the trial court had not done this, this court perhaps would reverse the case because of the irregularity. But as it appears that no bill of exceptions was reserved to the action of the court; no motion for a new trial was filed, nor was any notice of appeal given, the question presented to us in this application is, will this court in habeas corpus proceedings go behind the judgment of a court of competent jurisdiction on an allegation of an irregularity during the trial. If the irregularity is such that renders the proceedings void, this court has held that we will grant relief under habeas corpus proceedings; but if the indictment or information is regular, based on a valid law, and the judgment is rendered by a court of competent jurisdiction, and the

proceedings complained of are only such that render the judgment voidable, but not void, under the writ of habeas corpus we would not go behind the judgment, but relator must bring such proceedings before us, if it is desired we review same, by appeal. A writ of habeas corpus is not available as a means of effecting the purposes of an appeal. In the case of Cox v. State, 53 Texas Crim. Rep., 241, it is held:

"The County Court being a court of general jurisdiction in misdemeanor cases, its judgment can not be collaterally attacked, and the writ of habeas corpus is not available for that purpose. See Ex parte Call, 2 Texas Crim. App., 497; Ex parte Wowartz, 2 Texas Crim. App., 74; Ex parte McGill, 6 Texas Crim. App., 498; Ex parte Boland, 11 Texas Crim. App., 159; Ex parte Dickerson, 30 Texas Crim. App., 448; Ex parte Branch, 36 Texas Crim. Rep., 384. It is only in cases where the judgment is absolutely void that the writ is available and not in cases where such judgment is voidable. Errors committed on the trial of the case do not render the judgment void. If the court had jurisdiction, the judgment is not void.

"The writ of habeas corpus is not available as a means of effecting the purposes of an appeal, certiorari, or supersedeas. Perry v. State, 41 Texas, 483; Darrah v. Westerlage, 44 Texas, 388; Ex parte Schwartz, 2 Texas Crim. App., 74; Ex parte Oliver, 3 Texas Crim. App., 345; Ex parte Slaren, 3 Texas Crim. App., 662; Ex parte Mabray, 5 Texas Crim. App., 93; Griffin v. State, 5 Texas Crim. App., 457; Ex parte McGill, 6 Texas Crim. App., 498; Ex parte Boland, 11 Texas Crim. App., 159; Ex parte Dickerson, 30 Texas Crim. App., 448; Milliken v. City Council, 54 Texas, 388."

Inasmuch as we do not think the irregularity complained of was such as to render the judgment void, relator can not be granted any relief in habeas corpus proceedings, even if the allegation is true, and the court did not err in remanding relator.

The judgment is affirmed.

*Affirmed.*