## PERNIE BYBEE v. THE STATE.

### No. 3135. Decided June 3, 1914.

**1.—Procuring—Sufficiency of the Evidence.**

Where, upon trial of illegal soliciting and procuring a female for purposes of illicit intercourse, the evidence sustained the conviction, there was no error on that ground.

**2.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions did not show what answer the witness would have given or was expected to give, nothing is presented for review; besides, there was no error, as the record showed that the witness answered the question on two or three different occasions before the objection was sustained.

**3.—Same—Res Gestae—Evidence—Identity.**

Where, upon trial of illegal soliciting and procuring, the testimony objected to was a part of the res gestae of the offense for which defendant was on trial, there was no error; besides, it was necessary to show defendant's identity.

**4.—Same—Evidence—Immunity—Waiver.**

Where a State's witness declined to testify upon the ground that she might incriminate herself, but afterwards waived her privilege, there was no error on that ground.

**5.—Same—Evidence—Res Gestae—Other Offenses—Identity.**

Where, upon trial of illegal soliciting and procuring, the State was permitted to introduce testimony that the prosecuting witness had abstracted some money from the party with whom she had illicit intercourse, but it was shown that the defendant had procured her for said illicit intercourse and afterwards divided with her the money so illegally abstracted, all of which was of the same transaction, there was no error in permitting her to testify to all these facts, as the same was res gestae, and also admissible on the question of identity.

**6.—Same—Argument of Counsel—Husband and Wife.**

Where it was disclosed by the evidence that the defendant's wife must have known important facts bearing directly upon the issue in the case, and that she was within easy reach of the process of the court, but was not used as a witness by the defendant, there was no error in permitting State's counsel to comment on these facts. Following Battles v. State, 53 Texas Crim. Rep., 202, and other cases.

Appeal from the County Court of McLennan. Tried below before the Hon. Geo. N. Denton.

Appeal from a conviction of unlawful soliciting and procuring a female for illicit intercourse; penalty, $200 and six months confinement in the county jail.

The opinion states the case.

*Tirey & Tirey,* for appellant.—On question of leading question as to other crimes: Davis v. State, 43 Texas, 189; Pridemore v. State, 59 Texas Crim. Rep., 563, 129 S. W. Rep., 1112; Owen v. State, 58 Texas Crim. Rep., 261, 125 S. W. Rep., 405; Clark v. State, 59 Texas Crim. Rep., 246, 128 S. W. Rep., 131; Haney v. State, 57 Texas Crim. Rep., 158, 122 S. W. Rep., 34; Munroe v. State, 120 S. W. Rep., 479; Hunt v. State, 60 S. W. Rep., 965.

On question of argument of counsel: Flores v. State, 60 Texas Crim.

Rep., 25, 129 S. W. Rep., 1111; Shaw v. State, 57 Texas Crim. Rep., 474, 123 S. W. Rep., 691.

C. E. Lane, Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of soliciting and procuring Billie Golden, a woman, to go to a room in the Waverly hotel annex in Waco, for the purpose of meeting and having sexual intercourse with a male person, towit: J. P. Brown.

It is unnecessary to detail the evidence, it being amply sufficient to show that appellant was guilty of the offense, and unless there was some error committed in the trial of the case, it should be affirmed. There are a number of bills of exception in the record, and we will take them up and discuss them in their order.

It is first insisted that the court erred in sustaining the objection to the question: "You don't know of your own knowledge whether or not he (appellant) had anything to do with this woman (Billie Golden), coming to your room," propounded to the witness, J. P. Brown, the man whom appellant was charged with procuring the woman for. In the first place the bill does not show what answer the witness would have given or was expected to give, therefore, nothing is presented for review by this bill. (McCray v. State, 38 Texas Crim. Rep., 609; Lensing v. State, 45 S. W. Rep., 572; Monk v. State, 44 S. W. Rep., 1103; Kalsky v. State, 37 Texas Crim. Rep., 247; Pitner v. State, 37 Texas Crim. Rep., 268; Cooksie v. State, 26 Texas Crim. App., 72.) But if we go to the statement of facts we find that the witness did answer this question on two or three different occasions before the objection was sustained.

Another bill complains that the court erred in permitting the witness to state what was done after Billie Golden came in his, Brown's, room. This was the best evidence of why she was solicited and procured to go to that room, and the testimony that she was induced to go there for the purpose of having sexual intercourse with Brown was the gist of this offense. But it was strenuously objected that if the testimony to show that she went there to have sexual intercourse with Brown and that he paid her $2 for this privilege, that it was inadmissible to prove that, while he was seeking to have sexual intercourse with her and was down on her, that she abstracted $50 from his pockets, and if that was admissible, then certainly, it is claimed that the fact that she gave appellant $10 of the stolen money was inadmissible because it showed a different and distinct offense, it being contended this evidence did not show system nor intent in the commission of the offense. This may be conceded, but appellant overlooks another ground when such testimony becomes admissible, when it is a part of the same transaction and is res gestae of the offense for which one is on trial. Thompson v. State, 11 Texas Crim. App., 51; Wilkerson v. State, 31 Texas Crim. Rep., 86; Menefee v. State, 50 Texas Crim. Rep., 249; Campos v. State, 50 Texas Crim. Rep., 289. Not only is this true, but when Dr. Brown testified

he asked appellant if he could get him a woman, and appellant told him he could, and that appellant later came to his room and told him that the woman would come up in a few moments, appellant, on cross-examination of this witness, showed that appellant was not in the room when the woman came in, and that he could not swear that the woman who came was sent by appellant, then the testimony of Billie Golden that appellant came after her, carried her to the hotel to the room in which his, appellant's, wife was staying, where she changed her clothing, and that appellant told her the number of the room to go to, and when she came out appellant met her and demanded a part of the money and received it, was all admissible to show that appellant was the man who procured this woman to go to Brown's room. None of the exceptions to Brown's testimony present any error.

In three bills of exception it is shown that when Billie Golden was placed on the stand she refused to answer a number of questions, on the ground that her answer would tend to incriminate her. These exceptions are vigorously urged, but they pass out when it is shown that the woman afterwards took the stand, waived her privilege, and fully answered any and all questions propounded to her in regard to this transaction. It then becomes a question as to whether or not her testimony was admissible, and the only serious objection to it is to permitting her to testify that she did get the money off of Dr. Brown, and that she gave appellant on his demand ten dollars of the money. As hereinbefore stated, while this might tend to show appellant guilty of another and different offense, yet it was res gestae of the offense for which he was being tried, and was admissible on the issue of whether or not this was the woman appellant had procured and sent to Brown's room, the woman testifying, as hereinbefore stated, that appellant came and got her and carried her to his wife's room, instructed her as to the room to go to, and when she came out asked if she had got the money, and when told she had, asked for and received a portion thereof. This clearly showed that Billie Golden was the woman appellant had procured to go to Brown's room for an illegal purpose.

The only other bill of exceptions in the record we deem necessary to notice is the one that complains of the remarks of the county attorney. Billie Golden testified that appellant came after her, carried her to his wife's room to change her clothes; that she borrowed a kimono from appellant's wife in appellant's presence; appellant then told her which room to go to, and she went to Brown's room; that when she left Brown's room she went back to the room of appellant's wife, and left the kimono, and put on her own clothes. On her way out of the hotel appellant met her and demanded a part of the money, and she gave him ten dollars. In commenting on this testimony the county attorney asked: "Where is the appellant's wife? And if this testimony is not true, why has she not taken the stand to deny this testimony?" On the issue of whether or not appellant had procured Billie Golden for Brown was a material issue, and the wife was placed in position to know whether or not appellant

had carried the woman to her room, and the woman had borrowed a kimono from her, and whether or not at that time appellant had instructed Billie Golden to go to Brown's room as testified to by the woman, and the failure of the appellant to call his wife would be noticeable, and that counsel commented on the fact that he had failed to call his wife as a witness would be legitimate. She was a competent witness for him on this question. Battles v. State, 53 Texas Crim. Rep., 202; Richardson v. State, 47 S. W. Rep., 644; Hall v. State, 22 S. W. Rep., 141. In Mercer v. State, 17 Texas Crim. App., 452, this court said, speaking through Judge Willson: "We do not think the remarks of the prosecuting attorney, in his closing argument to the jury, which are complained of by the defendant, were beyond the scope of legitimate argument. It was disclosed by the evidence that the defendant's wife must have known important facts bearing directly upon the issue in the case, and that she was within easy reach of the process of the court. She could have explained fully the occurrence testified about by his two daughters when he got his gun and said he would blow his brains out. She could have testified, perhaps, to many other facts which would have shed light upon this horrible transaction. It was not within the power of the prosecution to adduce her testimony; because, being the defendant's wife, she was not permitted under the law to testify against him in this case. He alone could call for her testimony, and compel its production. Her knowledge of the facts, whatever that knowledge might be, was at his command—was within his reach,—and without he produced it, or consented to its production, it was a sealed book, which no human tribunal had the power to open against him. Under these circumstances we think the prosecuting attorney was justified in the remarks complained of."

After a careful review of the record, we are of the opinion that no reversible error is presented, and the judgment is affirmed.

*Affirmed.*