## EX PARTE G. L. MIERS.

No. 16228. Delivered October 11, 1933.
Rehearing Denied November 8, 1933.
Reported in 64 S. W. (2d) 778.

The opinion states the case.

*Shropshire & Sanders,* of Brady, for appellant.

*Lloyd W. Davidson, State's* Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—By way of habeas corpus the appellant sought release from jail. He appeals from an order remanding him to custody.

Appellant was indicted for possessing intoxicating liquor for the purpose of sale. His codefendants, Eugene Whitehead and Raymond Johnson, were indicted for the identical offense with which appellant was charged. A conviction followed in each of the cases mentioned. Upon appeal to this court, the judgments of conviction against Johnson and Whitehead were reversed and the causes remanded. In the case of appellant, the judgment was by this court affirmed April 19, 1933, and motion for rehearing overruled May 24th of the same year. See Miers v. State, 60 S. W. (2d) 217. Mandate of this court was issued to the clerk of the district court of McCulloch county June 9, 1933. After the reversal of the judgment in Johnson's Case and issuance of mandate, a second trial of said cause was had May 10, 1933. Appellant herein was by the district attorney duly subpoenaed and placed on the witness stand in behalf of the state in said second trial of Johnson's Case. Thereafter appellant herein filed in this court a motion to abate and dismiss the prosecution, predicated upon the claim that during the April, 1933, term of the district court of McCulloch county he was required to give testimony on behalf of the state in the case of Raymond

Johnson, which incriminated him (appellant). In seeking to have the affirmance set aside and the prosecution annulled, appellant relied upon article 694, P. C., which reads as follows:

"No person shall be excused from testifying against persons who have violated any provision of this chapter for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punishable for acts disclosed by such testimony."

The motion to abate was overruled by this court June 7, 1933. See Miers v. State, 60 S. W. (2d) 788. Thereafter appellant, by way of habeas corpus before the Honorable E. J. Miller, Judge of the 35th Judicial District, sought his release from custody, alleging that by virtue of the provisions of article 694, P. C. he was illegally restrained of his liberty under the judgment of conviction that had theretofore been affirmed by this court. In remanding appellant to custody, the Honorable E. J. Miller embodied in his order a finding to the effect that appellant was not required to give "testimony incriminating himself within the contemplation of the law."

The only testimony adduced upon the hearing of the writ of habeas corpus was. a repetition of appellant's testimony upon the trial of Raymond Johnson, it appearing that appellant introduced upon the hearing excerpts from the notes of the court reporter setting forth the proceedings had at the time appellant testified in Johnson's Case. Appellant did not testify upon the habeas corpus hearing. As shown in the statement of facts, upon appellant being placed on the witness stand in Johnson's Case by the district attorney, he was questioned as to whether he saw Johnson on the day of the alleged commission of the offense of possessing intoxicating liquor for the purpose of sale. Counsel representing Johnson called the court's attention to the fact that appellant had been convicted of the identical offense for which Johnson was being tried, and requested the court to instruct appellant that he was not required to give any evidence that might incriminate him (appellant). In the first instance, the court refused to give the instruction and declined to permit counsel for Johnson to advise appellant as to his constitutional rights. Continuing his examination, the district attorney asked appellant if he was at the house with Johnson when the officers arrived. Appellant answered: "I don't want to make a statement that includes me in it." At this point the district attorney stated to the court: "We want to be fair with the witness and there are several phases of this case that I don't think it will be necessary to go into but I would like to go into it. But of course if there is any evidence that might incriminate the wit-

ness * * *." The court interrupted the district attorney with this statement, made in the presence of appellant: "The court will not require him (appellant) to answer any question that will incriminate him or tend to incriminate him." Thereafter the district attorney questioned appellant, over the objection of Johnson's counsel, concerning his relations with Johnson, the result being that appellant testified to facts which connected him with the commission of the offense for which he had already been convicted. Upon cross-examination, Johnson's counsel elicited from appellant that the whisky alleged to have been possessed by Johnson belonged to him (appellant).

It is not clear that appellant was required to give testimony. He was fully advised that he would not be required to testify to matters incriminating or tending to incriminate him. Notwithstanding the advice he received from the court and the fact that he had declared that he did not want to incriminate himself, he answered the questions of the district attorney and counsel for Johnson without objection on his (appellant's) part. Only the witness can take advantage of the right to decline to testify on the ground that his testimony will incriminate him. Duncan v. State, 51 S. W., 372; Ingersol et al. v. McWillie et al., 30 S. W., 869. Stated in another way, the privilege of not answering in such a case is the privilege of the witness only. It would seem that the objections by Johnson's counsel to the questions propounded to appellant would not be tantamount to an attempt by appellant to exercise the privilege of declining to answer. That the privilege may be waived is well settled. Ingersol et al. v. McWillie et al., supra; Bybee v. State, 168 S. W., 526.

To exempt from punishment any person who has testified against those supposed to have violated the provisions of the chapter including article 694, supra, such person must have been required to so testify. Medlock v. State, 1 S. W. (2d) 308; Coleman v. State, 118 Texas Crim. Rep., 216. The meaning ascribed by this court to the word "require" when used in article 694, supra, is "to compel, to demand, to command, to make necessary." Medlock v. State, supra. A statement made before a court or grand jury, which is free from the elements of demand, or command, or compulsion, and which appears to have been made voluntarily, and with knowledge that it is not demanded or compelled, would not afford the basis for a claim of immunity under article 694, supra. Medlock v. State, supra; Coleman v. State, supra.

In view of the fact that we predicate our disposition of the

appeal on another ground, it becomes unnecessary to determine whether appellant was required to testify.

As heretofore pointed out, appellant had been convicted of the offense concerning which he gave testimony in Johnson's Case. The judgment·of conviction had been affirmed by this court and motion for rehearing overruled. Hence if the conclusion should be reached that appellant was required to give the testimony in question, to hold that article 694, supra, should be given effect in this case would, in our opinion, be equivalent to announcing that the Legislature, in enacting said article, clothed the courts with the power to grant pardons after conviction. In Snodgrass v. State, 150 S. W., 162, this court defined a pardon as follows: "A pardon, however, is held to be an act of grace proceeding from the power intrusted with the execution of the laws which exempts the individual on whom it is bestowed from the punishment the law inflicts for a crime he has committed." The pardoning power is inherent in sovereignty, and may be lodged wherever the people determine. However, if once it has been conferred by the Constitution, it cannot be exercised by the Legislature. Underwood v. State, 12 S. W. (2d) 206; Ex parte Muncy, 163 S. W., 29. Section 11, article 4, of our Constitution, expressly confides to the Governor of the state "power, after conviction, to grant reprieves, commutations of punishment and pardons." Nowhere in the Constitution is there any remission of such power to the legislative or judicial branches of our Government. It is observed that the power to pardon granted to the Governor is to pardon after conviction, and that the Legislature is without authority to give to others the power to pardon after conviction. Snodgrass v. State, supra; Ex parte Muncy, supra. It appears that there is no limitation on the Legislature prior to conviction to prevent the punishment of an offender. Ex parte Muncy, supra; Baker v. State, 158 S. W., 998. It was said in Ex parte Muncy, supra, that immunity statutes, such as the one under consideration, would be unconstitutional if it were not for the fact that the Legislature has the power to prevent punishment before conviction.

The Governor having the exclusive power to pardon after conviction, it would seem to follow that article 694, supra, should not be construed to evince an intention on the part of the Legislature to relieve one who had been convicted of an offense from suffering the punishment of the law. To so construe it would render its operation an infringement of the pardoning power of the Governor. If restricted to the granting of immunity before conviction, the statute is not obnoxious to the

Constitution, there being no infringement of the pardoning power.

Appellant makes no contention that the judgment of conviction against him is void. Such judgment appears to be valid and subsisting. To set the judgment aside and release appellant solely because the condition hereinbefore shown has arisen subsequent to conviction, would, in our opinion, be a usurpation of the Governor's pardoning power. Hence we are constrained to uphold the action of the district judge in remanding appellant to custody.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant predicates his motion for rehearing upon the contention that the judgment of conviction against him was "void." We cannot bring ourselves to agree with such view. In 12 Texas Jurisprudence, at page 688, sec. 337, etc., under the heading "Criminal Law" is found a discussion of void and voidable judgments, with citation of many cases from this court upon the subject, among them being Ex parte Boland, 11 Texas App., 159; Ex parte Taylor, 63 Texas Crim. Rep., 571. We do not find present in appellant's case any element which would render the judgment against him "void." Indeed, had he been called as a witness and testified in Johnson's case before his own case had been called for trial, and then, interposed as a defense, that he had been compelled to so testify in Johnson's case, and had been convicted over such defense, the judgment against him would not have been "void." It might have been resisted not as being "void," but as having been erroneously obtained.

In whatever form it comes or by whatever name the procedure may be called appellant is really seeking to have this court annul the judgment of conviction (which has long ago been affirmed by this court) or to hold it not further enforceable, because of an incident which occurred after conviction, and after the status of criminality had been fixed by such judgment. Much the same question was presented in Ex parte Minor, 115 Texas Crim. Rep., 634, 27 S. W. (2d) 805; Ex parte McKenzie, 115 Texas Crim. Rep., 315, 29 S. W. (2d) 771; Hen-

598

dricks v. State, 55 S. W. (2d) 839. It was held in said cases that the relief requested could not be granted. Such must be our holding in the present case.

The views expressed in our original opinion are adhered to and the motion for rehearing is overruled.

*Overruled.*