

# THE ATTORNEY GENERAL

# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 4, 1964

Honorable Jack Ross, Chairman
Board of Pardons and Paroles
John H. Reagan State Office
  Building
Austin, Texas

Opinion No. C-252

Re:  Whether the Board of
     Pardons and Paroles,
     under stated circum-
     stances, has the au-
     thority to terminate
     the period of parole
     supervision of desig-
     nated parolee.

Dear Sir:

        By letter dated March 31, 1964, you have requested an
opinion of this office as to whether the Board of Pardons and
Paroles has the authority, under the circumstances stated below,
to terminate the period of parole supervision of the designated
parolee.  In connection therewith you present the following
circumstances:

        1.  Parolee was convicted on six pleas of guilty and
was sentenced on June 28, 1960, to serve not less than two (2)
nor more than twelve (12) years.  He was received at the Texas
Department of Corrections on July 25, 1960.

        2.  On March 19, 1963, parolee was released on parole
to the supervision of the State of Louisiana, under the Inter-
state Parole Compact, (Article 781c, Code of Criminal Procedure).
He is currently on parole in that state.

        3.  On March 11, 1964, the District Court in which he
was convicted, on motion of the State of Texas, granted the
State's motion for a new trial for the purpose of reducing the
sentence originally imposed by the judgment of the court dated
June 28, 1960.  Upon a hearing in this motion the Court entered
an order purporting to reduce the sentence from not less than
two (2) nor more than twelve (12) years to a sentence of not
more than two (2) years.

        To commute punishment means to change it from that
assessed against a convicted defendant into a less severe one.
Gilderbloom v. State, 272 S.W.2d 106, (Tex.Crim. 1954).  An
order of a court reducing the punishment assessed in a final
conviction is in violation of the Constitution, which vests
the power to grant reprieves and commutations of punishment

and pardons in the Governor, on recommendation of the Board of Pardons and Paroles. Constitution of Texas, Article IV, Section 11; Ex parte Miers, 64 S.W. 2d 778 (Tex.Crim. 1933); Snodgrass v. State, 150 S.W. 162 (Tex.Crim. 1912); Gilderbloom v. State, supra. By virtue of the above authorities the attempt by the Court to commute the sentence is void.

### SUMMARY

The action of the District Court in attempting to commute the sentence of the parolee is in violation of Article IV, Section 11 of the Texas Constitution. Therefore the Board of Pardons and Paroles under the stated circumstances, does not have the authority to terminate the period of parole supervision of designated parolee.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

BY:

Gilbert J. Peña
Assistant Attorney General

GJP:cg:br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Norman Suarez
Bill Allen
Jerry Brock
Lloyd Martin

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone