

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

September 2, 1988

Mr. Henry B. Keene
Chairman
Board of Pardons and
   Paroles
P. O. Box 13401
Austin, Texas   78711

Opinion No.  JM-950

Re:  Constitutionality of section 27 of article 42.18 of the Texas Code of Criminal Procedure regarding contracting for parole services, and related questions (RQ-1477)

Dear Mr. Keene:

The questions you ask involve the constitutionality of section 27 of article 42.18 of the Code of Criminal Procedure. Section 27 of article 42.18 provides:

> (a) The Board of Pardons and Paroles <u>shall request proposals and may award contracts</u> to district probation offices <u>to provide parole services</u> to persons released to the supervision of the board. The board may award a contract under this section if the board determines that:

> (1) the district probation office proposing to enter into the contract can provide qualified officers, types and levels of supervision, and a reporting system that are acceptable to the department; and

> (2) the services can be provided at a cost that is not less than 10 percent lower than the cost to the board of providing the same services.

> (b) A contract entered into under this section must contain:

> (1) a requirement that the district probation office provide qualified officers, types and levels of supervision, and a reporting system that are acceptable to the board; and

(2)   a provision authorizing the board to monitor the performance of the district probation office to determine if the office is in compliance with the contract.

(c)   The board shall specifically request the district probation office serving Tarrant County and the district probation office serving Potter County to enter into a contract under this section.   If a district probation office submits a proposal under this subsection that is acceptable to the board under the standards, terms, and conditions of this section, the board shall award the office a contract with a duration of two years.   (Emphasis added.)

You ask the following questions:

1.   Is Vernon's Ann. C.C.P. Article 42.18, Section 27 unconstitutional because it violates the separation of powers doctrine to require the Board of Pardons and Paroles to contract with district probation offices, specifically the district probation offices of Tarrant County and Potter County, to provide parole services to persons released to the supervision of the Board when a 'proposal' is acceptable to the Board under the standards, terms and conditions of Vernon's Ann. C.C.P. Article 42.18, Section 27?

2.   Does Vernon's Ann. C.C.P. Article 42.18, Section 27 violate the separation of powers doctrine (Vernon's Ann. Tex. Const. Article XI, § 1), by authorizing the judicial branch to usurp or otherwise circumvent the exclusive authority to determine parole granted to the Board of Pardons and Paroles by Vernon's Ann. Tex. Const. Article IV, § 11 and Vernon's Ann. C.C.P. Article 42.18 since probation officers will be required to take the following actions as a part of their duties in supervising persons under the Board's jurisdiction: (1) investigate/report violations of the conditions of parole, (2) give recommendations regarding the issuance of pre-revocation warrants or to continue on parole with or without modifications and/or

the imposition of sanctions;   (3) provide proof at an administrative release revocation hearing that a parolee violated the conditions of parole as alleged; (4) give recommendations as to what final action should be taken by the Board (either to revoke parole or continue under supervision) and (5) recommend the withdrawal of a pre-revocation warrant at any stage of the revocation process prior to the hearing?

(3)   Does Vernon's Ann. C.C.P. Article 42.18, Section 27 violate the separation of powers doctrine (Vernon's Ann. Tex. Const. Article XI, § 1), by authorizing the judicial branch to usurp or otherwise circumvent the exclusive authority of the Board of Pardons and Paroles to recommend pardons to the Governor under Vernon's Ann. Tex. Const. Article IV, § 11 and Vernon's Ann. C.C.P. Article 48.01 since probation officers will be required as a part of their duties in supervising persons under the Board's jurisdiction to investigate full pardon applications and to make a recommendation to the Board of Pardons and Paroles as to whether a full pardon should be granted in a particular case or not?

Without further analysis, we will assume that you are correct in your conclusion that a district probation office is a part of the judicial branch. All of your questions involve the separation of powers doctrine set forth in section I of article II of the Texas Constitution which provides:

The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one, those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

In <u>Meshell v. State</u>, 739 S.W.2d 246, 252 (Tex. Crim. App. 1987) the court addressed the separation of powers doctrine. In <u>Meshell</u> the court stated:

> Article II, § 1, in a single, tersely phrased paragraph, provides that the constitutional division of the government into three departments (Legislative, Executive and Judicial) shall remain intact, 'except in the instances herein expressly permitted.' This separation of the powers of government ensures 'that a power which has been granted to one department of government may be exercised only by that branch to the exclusion of others.' <u>Ex parte</u> <u>Giles</u>, 502 S.W.2d 774, 780 (Tex. Cr. App. 1974), citing <u>Snodgrass v. State</u>, 67 Tex.Cr.R. 615, 150 S.W. 162 (1912). The separation of powers doctrine therefore requires that 'any attempt by one department of government to interfere with the powers of another is null and void.' <u>Giles</u>, <u>supra</u>, citing <u>Ex parte</u> <u>Rice</u>, 72 Tex.Cr.R. 587, 162 S.W. 891 (1914).
>
> Although one department has occasionally exercised a power that would otherwise seem to fit within the power of another department, our courts have only approved those actions when authorized by an express provision of the Constitution. <u>See</u>, <u>e.g.</u>, <u>Government Services Ins. Underwriters v. Jones</u>, 368 S.W.2d 560 (Tex. 1963) (Legislature could provide for legislative continuance under express power to establish rules of court in Article V, § 25, of the Texas Constitution); <u>Ex parte</u> <u>Youngblood</u>, 251 S.W. 509 (Tex.Cr.App. 1923) (Legislature could not delegate contempt power to committee under limited power of Article III, § 15, of the Texas Constitution).

Section XI of article IV of the Texas Constitution as amended at the general election on November 8, 1983, provides:

> 1.  <u>The Legislature shall by law establish a Board of Pardons and Paroles and shall require it to keep record of its actions and the reasons for its actions. The Legislature shall have authority to enact parole laws</u>.

> In all criminal cases, except treason and impeachment, the Governor shall have power, after conviction, on the written signed recommendation and advice of the Board of Pardons and Paroles, . or a majority thereof, to grant reprieves and commutations of punishment and pardons; and under such rules as the Legislature may prescribe, and upon the written recommendation and advice of a **majority of the Board of Pardons and Paroles, he shall have the power to remit fines and forfeitures.** The Governor shall [have] the power to grant one reprieve in any capital case for a period not to exceed thirty (30) days; and he shall have power to revoke conditional pardons. With the advice and consent of the Legislature, he may grant reprieves, commutations of punishment and pardons in cases of treason. (Emphasis added.)

Following the 1983 amendment, the legislature enacted Senate Bill No. 589 (article 42.18 of the Code of Criminal Procedure), Acts 1985, 69th Leg., ch. 427, § 2, effective September 1, 1985, designating the Board of Pardons and Paroles as the agency to handle matters of parole and mandatory supervision. Code Crim. Proc. art. 42.18, § 1.

Section 2 of article 42.18 defines "parole" and "mandatory supervision" as follows:

> a. 'Parole' means the release of an eligible prisoner from the physical custody of the Texas Department of Corrections to serve the remainder of his sentence under the supervision and control of the Board of Pardons and Paroles. <u>Parole shall not be construed to mean a commutation of sentence or any other form of executive clemency</u>.

> b. 'Mandatory supervision' means the release of an eligible prisoner from the physical custody of the Texas Department of Corrections but not on parole, to serve the remainder of his sentence under the supervision and control of the Board of Pardons and Paroles. <u>Mandatory supervision may not be construed as a commutation of sentence or any other form of executive clemency</u>.
> (Emphasis added.)

A parole is distinguished from a pardon in that a parole does not end a prisoner's sentence but simply provides a different manner of serving the sentence than by confinement in a prison, whereas a pardon exempts the prisoner from punishment. 44 Tex. Jur.2d Pardon, Reprieve, Commutation § 2.

In Rose v. State, 752 S.W.2d 529 (Tex. Crim. 1987), the court held that the instruction on the law of parole in the charge of the court to the jury given pursuant to section 4(a) of article 37.07 of the Code of Criminal Procedure is unconstitutional as violative of the separation of powers doctrine.

In reaching this conclusion, the court had occasion to review the effect of the 1983 amendment to section 11 of article IV as it related to the statute in question. In Rose the court stated:

> Now we must first determine whether constitutional principles barring jurors from considering parole laws have survived the revision of Article IV, § 11, effective when the voters approved the proposition submitted by S.J.R. No. 13 in 1983. 4 Vernon's Texas Session Law Service 1983, at A-158. As revised, § 11 reads in pertinent part:
>
> > 'Section 11. The Legislature shall by law establish a Board of Pardons and Paroles and shall require it to keep record of its actions and the reasons for its actions. The Legislature shall have authority to enact parole laws.
>
> > . . . .
>
> The second sentence in the first paragraph of revised § 11 is derived from former § 11 similarly providing that the legislature 'shall have authority to enact parole laws,' and we find no indication that the revision is intended to provide a broader scope of legislative authority in regard to parole laws than already possessed. Therefore, contrary to the view of [the] court of appeals, that the Legislature retains the authority granted in 1936 to enact parole laws is of little importance. What is crucial is the role of the Board, and to that we now turn.

Clemency power is inherent in sovereignty, and may be lodged in whole or in part wherever the people determine. Ex parte Giles, 502 S.W.2d 774, 780 (Tex.Cr.App. 1973); Smith v. Blackwell, 500 S.W.2d 97, 100 (Tex.Cr.App. 1973); Ex parte Miers, 124 Tex.Cr.R. 592, 64 S.W.2d 778, 780 (1933); Ex parte Muncy, 72 Tex.Cr.R. 541, 163 S.W. 29; 44 (1914); 27 Tex.Jur.3d 263-264, 'Criminal Law' § 4381; 44 Tex.Jur.2d 5-6 'Pardon, Reprieve, and Commutation' § 2; Interpretive Commentary following Article IV, § 11.

In the second paragraph of § 11, as revised, the Governor retains power to grant and to revoke a conditional pardon, as well as all other clemency powers save one formerly in the Governor. The effect of revised § 11 is to remove parole eo nomine from the clemency power of the Governor and to vest that clemency power to grant and to revoke paroles in the Board. In the sense that the Governor, as chief executive, is no longer empowered to grant it, parole may not be construed to be any form of 'executive clemency,' Article 42.18, § 2a. But parole is an act of grace. Ex parte Lefors, 165 Tex.Cr.R. 5, 303 S.W.2d 394, 397 (1957); United States v. Chagra, 669 F.2d 241, 264 (CA5 1982). So long as it exists and is utilized as a tool of punishment and rehabilitation, jurisdiction, power and authority over parole must be exercised by some officer or agency of government. See and compare Ex parte Giles, supra, at 780 and Smith v. Blackwell, supra, at 101. The people have decided in favor of the Board rather than the Governor, and the Legislature has effectuated that decision in Article 42.18, V.A.C.C.P. Thus, parole is an act of clemency within the 'exclusive' jurisdiction, power and authority of the board. Id., § 1.

The caption of S.J.R. No. 13 characterizes the Board to be established as 'a statutory agency,' meaning no more than it is a creature of statute. However, since in 1936 the Board was elevated to constitutional status in the Executive Department and the first sentence of the first paragraph in § 11

mandates the Legislature to establish a Board, we find that, whatever its characterization, the Board remains where it has always been -- in the Executive Department. See Texas Liquor Control Board v. Continental Distilling Sales Co., 199 S.W.2d 1009, 1012-1013 (Tex. Civ. App. -- Dallas 1947), writ refused n.r.e., 203 S.W.2d 288, 289, appeal dismissed, 332 U.S. 747, 68 S.Ct. 26, 92 L.Ed. 335 (1947). Moreover, the legislation implementing the constitutional foundation for the Board expressly provides that 'it is subject to the Texas Sunset Act, but it is not abolished under that Act.' Article 42.12, § 12a, V.A.C.C.P., see now Article 42.18, id. See Texas Sunset Act, Government Code, § 325.014. Compare similar treatment of Secretary of State in Article 4330a, V.A.C.S. (1987 Pocket Part).

Therefore, we conclude that since the Board of Pardons and Paroles is within and part of the Executive Department as contemplated by Article II, § 1, 'the decision to grant parole, if and when made, is beyond the province of the [Judicial Department] . . . and is exclusively a matter within the [Executive Department], under proper regulation by the [Legislative Department]. Article IV, Section 11.' Heredia v. State, and Sanders v. State, both supra. Accordingly, 'any attempt by one department of government to interfere with the powers of another is null and void.' Ex parte Giles, supra, at 780; State ex rel. Smith v. Blackwell, supra, at 101.

The remaining question is whether the legislative mandate in Article 37.07, § 4(a), supra, that the courts 'shall charge the jury in writing' the content of instruction given by the trial court in this cause, offends the separation of powers doctrine prescribed in Article II, § 1. Finding the statute is an attempt by one department of government to direct another department to interfere with powers of yet a third department of government, we hold that Article 37.07, § 4(a) is unconstitutional.

. . . .

Both the statute and the instruction begin with a direct albeit erroneous statement, <u>viz</u>:

'Under the law applicable to this case, <u>the defendant</u>, if sentenced to a term of imprisonment, may earn <u>time off the sentence imposed</u> through the award of good conduct time.'

The remainder of the first paragraph in both statute and instruction informs the jury generally about factors relevant to awarding good time and warranting taking it away.

The second paragraph in each adds that length of imprisonment might be reduced by an award of parole.

The third paragraph dictated by the statute reveals to the jury as 'the law applicable in this case,' the exact formula to determine when this appellant will become eligible for parole -- 'the actual time served equals one-third of the sentence imposed or 20 years, whichever is less, without consideration of any good conduct time he may earn' -- and gives a simple example; it points out that eligibility is not guarantee of parole.

The jury is next informed that one cannot accurately predict 'how the parole law and good conduct time might be applied to this defendant,' because that depends on decisions made by 'prison and <u>parole</u> authorities.'

At this point, however, in the fifth paragraph of both the jury is instructed: 'You <u>may consider</u> the existence of the parole law and good conduct time.' That is to say, when it comes to assess punishment the jury may deliberate on the content of what has been stated in the preceding four paragraphs in making a decision as to the number of years it will assess as punishment.

'The evil to be avoided is the considera-
tion by the jury of parole in assessing pun-
ishment.' <u>Clark v. State</u>, 643 S.W.2d 723,
725 (Tex.Cr.App. 1982). Rather than avoid
that evil the instruction mandated by the
statute directly instructs the jury that in
assessing punishment it may consider aspects
of parole law contained in the instruction.

It is of no constitutional consequence
that thereafter excluded from consideration
are 'the extent to which good conduct time
may be applied to this particular defendant'
by the authorities. Jurors have already been
instructed that <u>they</u> may consider the stated
explanation of parole law and good conduct
time, yet the Court has consistently held the
parole law is not for the jury's considera-
tion. <u>See</u> <u>ante</u>, at 2-4.

The legislative mandate in Article 37.07,
§ 4(a), <u>supra</u>, is an attempt by the Legisla-
tive Department to direct the Judicial
Department to interfere with exercise of
powers of the Board of Pardons in the
Executive Department and, as such it offends
the separation of powers doctrine in Article
II, § 1. Accordingly we hold that Article
37.07, § 4(a) and the instruction required
by it are unconstitutional. (Footnotes in
opinion are omitted.)

<u>Id.</u> at 532-535.

In your first question, you ask whether section 27 of
article 42.18 is unconstitutional "because it violates the
separation of powers doctrine to require the Board of
Pardons and Paroles to contract with district probation
offices." We do not construe section 27 to require that the
board enter into a contract with district probation offices.
Subsection (a) of section 27 states the board "shall request
proposals and <u>may</u> award contracts" if the board determines
that certain conditions exist. Any contract must provide
for qualified officers and "a reporting system that are
acceptable to the board." In addition the contract must
authorize the board to monitor the performance of the
district probation office to determine if there is com-
pliance with the contract. Subsection (c) further provides
that the proposal for contract must be acceptable to the
board under the conditions of this section. Unlike the

parole law instruction to the jury which allowed the judicial branch to effectively apply the parole law in assessing punishment, section 27 should not be construed as an attempt on the part of the Legislature to divest the Board of Pardons and Paroles of its authority to act on paroles. Any contract entered into with a probation office would have to be acceptable to the board. The probation offices and their reporting systems would have to be acceptable to the board and the board would have authority to monitor the performance of the district probation offices. The decision making process in determining what action is to be taken on a parole remains with the board. The separation of powers doctrine would have come into play if the legislature had attempted to delegate to the judicial branch the authority to apply the parole laws, a function given to the Board of Pardons and Paroles by the constitution. The legislature has no power to delegate a function "which it does not itself possess." Sun Oil v. Potter, 182 S.W.2d 923 (Tex. Civ. App. - Austin 1944, reversed on other grounds, 189 S.W.2d 482). We do not construe section 27 of article 42.18 to permit the judicial branch to encroach on the authority of the Board of Pardons and Paroles in acting on paroles.

In your second question, you ask whether the performance of certain duties by district probation offices under such a contract would violate the separation of powers doctrine. You advise that the duties of investigations and recommendations regarding paroles are the duties presently assigned to field supervising officers (who work for the board) as promulgated by the board and contained in its Field Services Manual. Rather than an attempt by the Legislative Department to interfere with the powers of the Board of Pardons and Paroles in the parole process, the duties you enumerate are promulgated by the board and the offices assigned to perform such functions are monitored by the board. No violation of the separation of powers doctrine is shown by virtue of the board requiring a district probation office with whom it may have a contract to perform certain duties prescribed by the board relative to the parole process.

In your third question, you ask whether section 27 of article 42.18 authorizes the judicial branch (through its probation officers) to usurp the exclusive authority of the Board of Pardons and Paroles to recommend pardons to the governor under section 11 of article IV of the Texas Constitution. While the amendment to section 11 of article IV removed the governor from the parole process it did not divest his authority to grant reprieves and commutation of

punishment and pardons. Nor did the amendment alter the board's constitutional authority in the pardon process since the governor may act only "on the written recommendation and advice of the Board of Pardons and Paroles."

Section 27 of article 42.18 provides the Board of Pardons and Paroles "may award contracts to a district probation office to provide <u>parole services</u>." Section 2 of article 42.18 expressly provides that "Parole shall not be construed as commutation of sentence or any other form of executive clemency." We do not construe section 27 of article 42.18 to authorize the board to enter into contracts with probation offices to perform any function relating to pardons or any form of executive clemency. The requirement that a probation office make a recommendation to the Board of Pardons and Paroles regarding pardons appears to be a rule promulgated by the board rather than a statutory duty imposed by the legislature. Section 27 of article 42.18 does not impinge on the constitutional function of the Board of Pardons and Paroles to recommend or advise the governor relative to "reprieves and commutation of punishment and pardons."

## S U M M A R Y

Section 27 of article 42.18 does not violate the separation of powers doctrine of the Texas Constitution by providing that "[t]he Board of Pardons and Paroles shall request proposals and may award contracts to district probation offices to provide parole services -- if the board determines" that certain conditions exist. No violation of the separation of powers doctrine is shown by virtue of the board requiring a district probation office with whom it has a contract to perform certain duties prescribed by the board relative to the parole process. Section 27 of article 42.18 does not impinge on the constitutional authority of the Board of Pardons and Paroles to recommend or advise the governor relative to "reprieves and commutation of punishment and pardons."

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General    .