## EX PARTE JACK GORE.

No. 11756.   Delivered March 14, 1928.

### 1.—Original Habeas Corpus—Convicted Felon—Right to Parole—Statute Construed.

Appellant seeks relief from confinement in the state penitentiary, where he is held by virtue of a final conviction of a felony upon the ground that under the terms of Art. 962, C. C. P. of 1925, computing his time of service and computation for good behavior, he is entitled to be paroled, and that the Governor has refused to grant him the desired relief.

### 2.—Same—Continued.

Sec. 2 of Art. 959 provides the conditions under which a convict may be paroled, with the approval of the Governor. It is plain that Art. 962, supra, must be construed in connection with Art. 959, supra.

### 3.—Same—Power to Parole—Lodged With Governor.

The power to parole, to pardon, etc., is one confided by our Constitution to the Governor of this state, over whose discretion in such matters this court has no control or right of review. It being admitted that an application for parole has been presented to the Governor and by him refused there appears no ground given by the statute to applicant for standing upon his application here. See Ex Parte Nelson, 209 S. W. 148.

Original application for a writ of habeas corpus seeking a parole from the state penitentiary. Denied.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—By an original application for habeas corpus applicant seeks relief from confinement in the state penitentiary where he is held by virtue of a final conviction of a felony.

On June 15, 1927, applicant began serving a sentence of one year in the penitentiary. Attaching to his application for habeas corpus a certificate of good conduct by the penitentiary authorities, he asserts that under Art. 964 of the Revised Civil Statutes of 1925, he is entitled to twenty-four days' commutation for good behavior. Said article appears to grant two days per month for good conduct off the first year of a penitentiary sentence. Applicant also insists that under the terms of Art. 962, 1925 C. C. P., he is entitled to have this court declare him entitled to a parole, and states in this connection that he has submitted his application for parole to the Governor of Texas and the Honorable Board of Pardon Advisors, and that they have declined summarily and without reason or explanation to grant him the desired parole. He prays that this court grant him relief.

Art. 962, supra, when considered alone, seems to direct the parole of any prisoner in our penitentiary who so desires three months before the expiration of his time of service, after deducting from the sentence all commutations for good behavior. Mathematical computation makes plain the fact that if applicant is entitled to two days per month commutation for good behavior since June 15, 1927, and is also entitled to add to such commutation ninety days during which he is entitled to be paroled, that he is now so entitled. Art. 962 appears in our laws first in the Acts of the Thirty-second Legislature, Chap. 43, as part of Sec. 3 of said chapter. Secs. 1 and 2 of said chapter and Act now appear in our statute as Arts. 959 and 960, respectively, of our C. C. P. The last mentioned two sections were parts of Chap. 5, Acts of First Called Session of the Thirty-third Legislature in 1913, which act was enacted to take the place of Chap. 132, Acts Regular Session of Thirty-third Legislature, which latter Act was held violative of our Constitution in Ex Parte Marshall, 161 S. W. 112. From the caption of said

Chap. 5 we learn that its purpose was to amend Chap. 132 of the Acts of the Regular Session, supra. Sec. 2 of said Chap. 5, supra, now Art. 959, C. C. P., reads as follows:

"Meritorious prisoners who may be in prison under a sentence to penal servitude may be allowed to go upon parole, outside of the building and jurisdiction of the penitentiary authorities, subject to the provisions of this title, and to such regulations and conditions as may be made by the Board of Prison Commissioners, with the approval of the Governor. Such parole shall be made only by the Governor, or with his approval."

It is perfectly manifest that it is the duty of this court to look to all parts of a legislative Act as originally enacted in order to properly construe the law, even though codifiers or some subsequent legislature should separate the different sections of such Act so that they appear in different parts of our statute. It is plain that Art. 962 must be construed in connection with Art. 959 just quoted. In Ex Parte Nelson, 209 S. W. 148, we substantially held in line with the declaration of said Art. 959, supra, that the power to parole, to pardon, etc., is one confided by our Constitution to the Governor of this state, over whose discretion in such matters this court has no control or right of review. To discuss the matter at length or attempt to cite authorities would be but putting ourselves to the useless task of explaining that which is already plain, that is, that the power to parole is not one within the control of this court but is inherent in the office of Governor. It being admitted that an application for parole has been presented to the Governor and by him refused, there appears no ground given by the statute to applicant for standing upon his application here.

The writ of habeas corpus will be denied.

*Writ denied.*