### P. H. WARREN v. THE STATE.

No. 16495. Delivered June 27, 1934.
Rehearing Denied (Without Written Opinion) October 10, 1934.
Reported in 74 S. W. (2d) 1006.

The opinion states the case.

*J. K. Brim,* of Sulphur Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

By appropriate means appellant brings before us, as his only complaint, the refusal of the trial court to submit to the jury the question of whether appellant's sentence should be suspended. He had duly filed a sworn application for sus-

pended sentence in which he set forth that prior to his indictment herein, he had been convicted in 1889 for murder, subsequent to which he had been granted a full pardon by the then governor of Texas,—a certified copy of which he attached to his application. He further alleged that by reason of said pardon, the said conviction had been entirely wiped out, and he was, therefore, entitled to make affidavit, as part of his application, that he had never before been convicted of a felony in this or any other state. Upon his trial appellant testified to his conviction of murder in 1889, and that he had been granted a pardon, a photostatic copy of which he introduced in evidence. Said document showed on its face that it was issued before the expiration of the term of sentence, and apparently at a time when appellant was in the penitentiary, but it contained the statement that appellant was thereby granted a full pardon, restoration of citizenship and the right of suffrage,— to take effect at the expiration of his term, at a future date named. Upon this issue the learned trial judge herein refused to submit to the jury the question of appellant's right to a suspended sentence.

We are not favored with a brief by appellant, but evidently he contends that the pardon given him obliterated all legal consequences of his felony conviction, including the statutory forbiddance by article 776, C. C. P. of a suspended sentence to one on trial who had at some former trial been convicted of a felony.

If appellant had been given a full pardon, the question before us would be of more difficulty, but, in our opinion, he received only a partial or conditional pardon. None of the authorities known to this court undertake to hold that any character of pardon less than a full pardon,—would wipe out and obliterate the legal consequences of a felony conviction. Supporting the proposition that only a full pardon can do this see Hunnicut v. State, 18 Texas App., 499; Carr v. State, 19 Texas App., 635; Bennett v. State, 24 Texas App., 73; Martin v. State, 21 Texas App., 12; Easterwood v. State, 34 Texas Crim. Rep., 409; Snodgrass v. State, 67 Texas Crim. Rep., 644; Sanders v. State, 108 Texas Crim. Rep., 470; Underwood v. State, 111 Texas Crim. Rep., 127; Scrivnor v. State, 113 Texas Crim. Rep., 194.

In Hunnicutt v. State, 18 Texas App., 519, appears the following statement: "Among the collateral consequences of * * * a final sentence against the prisoner removed by pardon is the

incapacity to be a witness. Yet only a full pardon has this effect."

In Carr's Case, supra, this court went carefully into the difference between a full pardon, its character and effect, on the one hand, and a partial or conditional pardon, on the other. This case has been cited and approved in this and other jurisdictions and text writers many times. White, P. J., says in said opinion: "It is, however, not the time when a pardon commences to operate which determines its character and effect. Its character is ascertained by the terms in which it is expressed and the conditions annexed to it."

Concurring with Judge White, Judge Willson said as follows: " 'A pardon is a remission of guilt.' (1 Bish. Cr. Law, Sec. 898.) It is full, partial, or conditional. Full, when it freely and unconditionally absolves the party from all the legal consequences of his crime and of his conviction, direct and collateral; including the punishment, whether of imprisonment, pecuniary penalty, or whatever else the law has provided. (1 Bish. Cr. Law, Sec. 916.) Partial, where it remits only a portion of the punishment, or absolves from only a portion of the legal consequences of the crime. Conditional, where it does not become operative until the grantee has performed some specified act, or where it becomes void when some specified event transpires. (1 Bish. Cr. Law, Sec. 914.)"

Clearly the pardon before us is not a full pardon, but, as above stated, is only partial and conditional. It not only does not remit or wipe out guilt, but on the contrary it expressly affirms same. As plainly as language can express, it tells the grantee "You were and are guilty of the crime charged, and are now and will continue until the expiration of your term of imprisonment,—properly confined in the penitentiary, but when you have served out your sentence, your disabilities will be removed and your citizenship restored." In addition to the recognition of the correctness of appellant's conviction, there is in the pardon in the instant case an express condition precedent to the taking effect of such pardon, viz: that appellant must serve out his time. Manifestly, if appellant should escape, or commit some crime in prison before the expiration of his term, the Chief Executive could recall the grant. This clearly differentiates the pardon received by appellant herein from a full pardon.

There is nothing in what we have said which militates against or is contrary to the recognized rule that after full service of a sentence for a felony, the pardoning power may

grant to the ex-convict a full pardon. A correct assumption in such case would be that the Executive intended, for reasons satisfactory to himself, to wipe out the stain of guilt, as well as restore the forfeited privileges, but here we have before us a record upon whose face appears the affirmative statement of the Governor, that he does not intend to remit the penalty, but to require it.

We believe the action of the trial court in his refusal to submit to the jury the question of granting appellant a suspended sentence was entirely proper.

No error appearing, the judgment will be affirmed.

*Affirmed.*

HAWKINS, JUDGE (Concurring in part and dissenting in part).—I am in entire accord with the conclusions announced by my brother Lattimore that the "action of the trial court in his refusal to submit to the jury the question of granting appellant a suspended sentence was entirely proper." The opinion is based upon the proposition that the pardon in question was conditional. There are expressions in the opinion which would support the inference that if the pardon had been full or unconditional the action of the trial court would have been erroneous in declining to submit the issue of suspended sentence. I am not willing to permit the matter to pass and be tacitly bound by any such inference. If an accused has been once convicted of a felony, my mind refuses to accept the fallacy that because a pardon, however full and complete it may be, has been granted, that said accused upon a subsequent prosecution for a felony may comply with the statute (article 776, C. C. P.) and support a plea for suspended sentence by an affidavit that he has never before been convicted of a felony. Such an affidavit would be an untruth on its face under such circumstances, and appears to me to be wholly at variance with the purpose and spirit of the suspended sentence law.

The contention of appellant is a direct corollary of the holding by the majority opinion in Scrivnor v. State, 113 Texas Crim. Rep., 194, 20 S. W. (2d) 416. More than ever I question the soundness of that opinion, and here again register my dissent thereto, and acquit myself of any purpose to be bound by the inferences which may be drawn from the opinion in the present case. The opinion of my brethren in Scrivnor's case followed one line of authorities, the other line (and the one which appeals to me as sound) is stated in Ruling Case Law, vol. 20, p. 559, sec. 44, under Pardons, as follows: "The

contrary view that a pardon of a convict does not prevent his conviction from being considered to enhance the penalty of an offense subsequently committed obtains in some jurisdictions, and in a considerable number of states the statutes expressly provide for the enhanced punishment for a crime committed after conviction of a prior offense and a discharge therefrom by pardon or otherwise. This rule is based on the principle that the true ground upon which statutes providing for a heavier penalty for second offenders are sustained is that the punishment is awarded for the second offense only, and that in determining the amount or nature of the penalty to be inflicted, the legislature may require the courts to take into consideration the perisistence of the defendant in his criminal course."

With the reservations heretofore stated I concur in the opinion of affirmance.