# FEBRUARY 20, 1946

## EX PARTE GARLAND ANDERSON.

No. 23318. Delivered January 16, 1946.
Rehearing Denied (Without Written Opinion) February 20, 1946.

The opinion states the case.

*Garland Anderson,* (Relator) for himself.

*M. E. Gates,* County Attorney, of Huntsville, *David Wuntch,* Assistant Attorney General and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Relator, a convict in the State penitentiary, presented to Honorable Max Rogers, Judge of the District Court of Walker

County, his application for the writ of habeas corpus alleging that he was illegally detained of his liberty by the penitentiary authorities. He sought his outright discharge from custody.

The basis of relator's contention is that, under the provisions of Chapter 180, Acts of the Forty-ninth Legislature in 1945, page 245, appearing as Article 6184-L of Vernon's Civil Statutes[1], granting to convicts 20 days per month commutation of sentence for good conduct, he has served the sentence imposed against him.

Judge Rogers granted the writ of habeas corpus and developed the facts, and has certified the record to this Court for final determination, as provided by Article 119, C. C. P., as amended.

Said Act of 1945 was an amendment of Chapter 361, Acts of the Forty-eighth Legislature in 1943. The Act of 1943 extended to all convicts 20 days per month reduction of sentence as commutation for good conduct. The Act of 1945 amended that provision so as to extend commutation to convicts according to classification, as found and fixed by the Classification Committee. The maximum commutation allowed was 20 days per month to convicts of Class 1, which was the same as that extended to all convicts by the Act of 1943.

Relator was classified in Class 1. He was a convict in the penitentiary at the time of the effective date of the Act of 1945.

---

[1] In order to encourage prison discipline, a distinction may be made in the treatment of prisoners so as to extend to all such as are orderly, industrious and obedient, comforts and privileges according to their deserts. The reward to be bestowed on prisoners for good conduct shall consist of such relaxation of strict prison rules and extension of social privileges as may be consistent with proper discipline. Commutation of time for good conduct, industry and obedience shall be granted by the General Manager and twenty (20) days per month deduction shall be made from the term or terms of sentences of all prisoners in Class 1, and ten (10) days per month deduction shall be made from the term or terms of sentences of all prisoners in Class II, as hereinafter provided, when no charge of misconduct has been sustained against a prisoner. A prisoner under two (2) or more cumulative sentences shall be allowed commutation as if they were all one sentence. For each sustained charge of misconduct in violation of any rule known to the prisoner (including escape or attempt to escape), any part or all of the commutation which shall have accrued in favor of the prisoner to the date of said misconduct may be forfeited and taken away by the General Manager upon the recommendation of the Classification Committee and/or the Disciplinary Committee unless, in case of escape, the prisoner voluntarily returns without expense to the state, such forfeiture shall be set aside by the General Manager. No overtime allowance or credits, in addition to the commutation of time herein provided for good conduct, may be deducted from the term or terms of sentences with the exception that for extra meritorious conduct on the part of any prisoner, he may be recommended to the Board of Pardons and Paroles and to the Governor for increased commutation or for a pardon or parole.

It follows, then, that—as to him—the amendment of 1945 made no effectual change in the commutation for good behavior to which he was entitled.

It is relator's contention that commutation under the Acts should be computed by allowing the 20 days monthly commutation as a part of each month—in other words, that for each 10 days he actually serves he is entitled to a credit of 30 days upon the sentence, or for each 30 days served he is entitled to a credit of 90 days on his sentence.

The penitentiary authorities—respondents here—contend that the 20 days computation is added to each 30 days served. In other words, when a convict serves 30 days, he is entitled to a credit of 50 days on the sentence.

As we understand the record, if relator's construction be correct, he has served the sentence imposed; if respondent's construction be correct, he has not served his sentence and is not entitled to his discharge.

The power of the Legislature to authorize, by statute, reduction of sentences of convicts for good conduct is generally

---

"This Act shall not take effect in the cases of those prisoners who at the time this Act takes effect are being credited with more than twenty (20) days per month by virtue of overtime job assignments except upon removal from such assignment because of misconduct, escape, or return to prison because of violation or clemency; provided, however, should any prisoner be removed from any such assignment because of misconduct, an appeal shall lie to the Disciplinary Committee, and in the event of an adverse decision by said Disciplinary Committee, the prisoner so removed by reason of misconduct shall have the right of appeal to the Texas Prison Board, whose decision shall be final.

"When present overtime job assignments carrying more than twenty (20) days per month credit are vacated by the present incumbent for any reason, said job assignment shall not be renewed for a credit of more than twenty (20) days per calendar month.

"The Classification Committee, as soon as practicable, shall classify all prisoners according to their industry, conduct and obedience in three (3) classifications: Class I., Class II., Class III.; which Classification Committee at any time and from time to time as in their opinion the circumstances may require. The General Manager shall keep or cause to be kept a conduct record in card or ledger form and a calendar card on each inmate showing all classifications, changes of classifications and forfeitures of commutation of time and reasons therefor. As soon as practicable, the General Manager shall change the conduct records of prisoners now in the penitentiary to conform with said conduct record and calendar card. The Classification Committee referred to in this Act shall be appointed and created by the Prison Board and shall consist of: the Warden, General Manager, Classification Director, Chaplain, Assistant Warden, and a doctor. The Disciplinary Committee referred to in this Act shall be created by act of the Prison Board, and shall be composed of: the Warden, Chaplain, a psychologist, and /or a representative of the Classification Committee. Acts 1943, 48th Leg., p. 635, ch. 361, as amended Acts 1945, 49th Leg., p. 245, ch. 180. sec. 1."

accepted. That power rests upon the fact that the commutation is allowed as a reward for the good conduct and behavior of a prisoner. 41 Am. Jur., p. 914, sec. 41. So then, in order for a convict to be entitled to commutation, he must first earn it in accordance with the statute and the requirements thereof.

A statute that extends to convicts commutation of sentence as a mere gift or as a matter of clemency would be violative of Article 4, Sec. 11, of our State Constitution, which places the matter of clemency to convicts exclusively in the hands of the Board of Pardons and the Governor of this State.

The fact, then, that a convict must first earn, by his own conduct commutation extended by the Legislature is a distinguishing feature. Commutation is earned by the convict. Clemency is extended as an act of grace by the authorities having that power under the Constitution.

Such being the construction to be placed upon a commutation statute, it follows that in the instant case relator was entitled to only the 20 days credit when he, by his own good conduct, had earned it. It also follows that the construction placed upon the Act by the penitentiary authorities was the correct interpretation. Moreover, if relator's construction of the Act be accepted, the 20 days credit would necessarily arise as a matter of grace or a gift by the Legislature and the Act would therefore constitute clemency.

It has been suggested that the Act of 1945, in so far as it creates three separate classes of convicts—two of which receive commutation of sentence for good conduct, while the third receives no commutation—without any primary standard being fixed by the Legislature by which to determine the different classifications is an unauthorized delegation of power by the Legislature of this State.

If the Act of 1945 be subject to this claimed invalidity, relator's status would not be changed, for the 20 days commutation which he is being allowed is the same under both the Act of 1943 and the Act of 1945. If the Act of 1945 should fail, the Act of 1943 would be effective. For this reason, the constitutional question is not decided.

The penitentiary authorities having correctly applied the 20-day commutation as an addition to each 30 days of sentence

served, the relief prayed for by relator is denied, and relator is remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.