ANN GOOCH, RELATOR v. J. R. FUCHS, RESPONDENT

No. 32,441. October 19, 1960

*Schleyer and Bartram,* by *J. H. Schleyer,* New Braunfels, for relator.

*Wallace T. Barber,* San Marcos, for respondent, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The application for permission to file the petition for writ of prohibition was granted to determine whether certain bystanders' bills of exception of relator should be forwarded to this court as part of the record in the appeal.

The application was set for submission and was duly submitted to this court.

At the bar of the court at submission, counsel for both the relator and the respondent agreed that the original bystanders' bills of exception of both appellant and state should be forwarded to this court. This agreement will be carried out.

Inasmuch as it appears that the reason for the granting of permission to file the petition no longer exists, the application to file is denied.

WOODLEY, Judge, (Concurring).

Relator was convicted of felony theft in the District court of Comal County and on June 27, 1960, gave notice of appeal.

Transcript was forwarded to this court which includes the Defendant's Bystanders Bill No. 1.

On July 23, 1960, the district attorney filed motion in the trial court "praying for a hearing and an order of the trial judge directing the clerk to forward a supplemental transcript containing the Judgment, Sentence, the Court's Bystanders Bill No. 1, the State's Bystanders Bill No. 1, the original of the Defendant's Bystanders Bill No. 1."

Judge Fuchs, trial judge and respondent herein, set said motion for hearing to be held on July 27, and the district attorney procured the issuance of subpoenas for the affidavits supporting Defendant's Bystanders Bill No. 1 to appear at such hearing.

The matter was not heard on the date set but was set down for hearing on August 3, 1960, and the witnesses were again summoned.

On July 30, 1960, two of the judges of the Texas Court of Criminal Appeals granted the relators permission to file application for writ of prohibition, and directed Judge Fuchs "to cease and desist from taking any further action or holding any further hearings" in the cause in which relator had been found guilty and had appealed pending the hearing and action by this court on the petition for writ of prohibition, and ordering Judge Fuchs to be and appear before this court on October 5, 1960, "to show cause, if any he has, why a writ of prohibition should not be issued by this Court, commanding * * * that you desist and refrain from any further proceedings in the aforesaid cause."

This court is without authority to grant this relief prayed for, and leave to file the application should have been denied and the application should now be denied for that reason.

There is no question but that the trial judge had authority to order instruments which should have been included in the original transcript sent up in a supplemental transcript, and to order original papers forwarded with the record to this Court for inspection. Benton v. State, 168 Tex. Cr. Rep. 367, 328 S.W. 2d 302; Singh v. State, 66 Tex. Cr. R. 156, 146 S. W. 891. 146 S.W. 891.

Having authority to make the orders, it follows that the trial judge had authority to conduct a hearing to determine whether such orders should be granted. Fine v. State, 125 Tex. Cr. R. 337, 68 S.W. 2d 192.

This court is without authority to grant any writ other than the writ of habeas corpus, unless the issuance thereof is necessary to enforce its jurisdiction. The hearing sought to be restrained in no way interfered with the jurisdiction of the Texas Court of Criminal Appeals.

Art. V, Section 5, of the Constitution of Texas, provides for the appellate jurisdiction of the Texas Court of Criminal Appeals and the jurisdiction of said court to issue writ of habeas corpus. As to jurisdiction to issue other writs, the Constitution further provides "and under such regulations as may be prescribed by law, issue such writs as may be necessary to enforce its own jurisdiction."

The above provision of the Constitution has been construed as authorizing the Texas Court of Criminal Appeals to issue writs of prohibition to enforce its jurisdiction.

The grant of power to issue writs of habeas corpus and, under such regulations as may be prescribed by law, to issue other writs as may be necessary to enforce its own jurisdiction, would seem to be an implied restraint upon the authority of the legislature to extend the jurisdiction of the Texas Court of Criminal Appeals, or a judge thereof, to include the issuance of writs not deemed necessary to enforce its jurisdiction over appeals or writs of habeas corpus.

Be this as it may, the legislature has not attempted to grant to the Texas Court of Criminal Appeals or to a judge thereof authority to issue a writ of prohibition, or authority to issue any writ other than mandamus and certiorari, and these only when in the judgment of the court or any member thereof the same should be necessary to enforce the jurisdiction of the court. Art. 53a C.C.P.