**STATE of Texas ex rel. Robert O. SMITH, District Attorney, 53rd Judicial District, Travis County, Texas, Relator,**

v.

**Thomas D. BLACKWELL, Judge, 167th Judicial District Court, Travis County, Texas, Respondent.**

**No. 47573.**

Court of Criminal Appeals of Texas.

Oct. 10, 1973.

Rehearing Denied Oct. 31, 1973.

Sam Houston Clinton, Jr., Austin, for Judge Tom Blackwell.

Robert O. Smith, Dist. Atty., David Spencer, Asst. Dist. Atty., Austin, W. T. Westmoreland, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This writ of prohibition proceeding presents the question of the Legislature's authority to enact legislation empowering district judges to resentence under a new law those individuals who were previously convicted of offenses involving marihuana under a prior law.

In this proceeding the relator, Honorable Robert O. Smith, District Attorney of Travis County, seeks to prevent the respondent, Honorable Thomas D. Blackwell, Judge of the 167th Judicial District Court, from acting upon a petition for resentencing sought by Frank Demolli, an inmate of the Texas Department of Corrections, said petition being provided for by Section 4.06 of the Texas Controlled Substances Act codified as Article 725f, Vernon's Ann.P.C. (Acts 1973, 63rd Leg., Ch. 429, p. 1132— effective August 27, 1973).

It is relator's contention that the provisions of said Section 4.06 are violative of the provisions of Article IV, Section 11, of our Constitution which invests the Governor, acting upon the recommendation of the Board of Pardons and Paroles, with the power to grant reprieves, commutations of punishment and pardons and to remit fines and forfeitures.

At the outset, we must, of course, determine whether this court has jurisdiction of these proceedings.

*Jurisdiction*

Article V, Section 5, of our State Constitution, provides that this court and the judges thereof "shall have the power to issue the writ of habeas corpus, *and under such regulations as may be prescribed by law, issue such writs as may be necessary to enforce its own jurisdiction."* (emphasis supplied)

"The Court of Criminal Appeals is the court of last resort in this state in criminal matters. This being so, no other court of this state has authority to overrule or circumvent its decisions, or disobey its mandates." State ex rel. Wilson v. Briggs, 171 Tex.Cr.R. 479, 351 S.W.2d 892, 894 (1961).

Without question this court may issue a writ of prohibition in those cases where it is necessary to enforce its jurisdiction. State ex rel. McNamara v. Clark, 79 Tex.Cr.R. 559, 187 S.W. 760 (1916); Gooch v. Fuchs, 170 Tex.Cr.R. 136, 339 S.W.2d 202 (1960); State v. Klein, 154 Tex.Cr.R. 31, 224 S.W.2d 250 (1949); State ex rel. Wilson v. Briggs, supra; State ex rel. Vance v. Clawson, 465 S.W.2d 164 (Tex.Cr.App.1971), cert. den., 404 U.S. 910, 92 S.Ct. 226, 30 L.Ed.2d 182. See also 46 Tex.Jur.2d, Prohibition, Sec. 11, p. 460.

A writ of prohibition is that process by which a superior court prevents inferior courts, tribunals, officers, or persons from usurping or exercising jurisdiction with which they have not been vested. See State ex rel. Vance v. Clawson, supra.

Further "[P]rohibition issues to prevent the commission of a future act and not to undo, nullify, or review an act already performed; it will not be granted when the act sought to be prevented is already done, but will lie when such act is not a full, complete, and accomplished judicial act." 73 C.J.S. Prohibition § 10c, p. 30.

Thus we must determine whether the issuance of such writ is applicable un-

der the facts presented by the instant proceedings.

The petitioner under the provisions of Section 4.06 of the Texas Controlled Substances Act, Frank Allan Demolli, was convicted of the offense of possession of marihuana in 1971 in the 167th District Court of Travis County. His punishment was assessed by the jury at twenty-five (25) years' confinement in the Texas Department of Corrections. See former Article 725b, Vernon's Ann.P.C. 1925. The evidence reflects he possessed a little over twenty-one (21) pounds of marihuana.

On his appeal his conviction was affirmed, and the mandate of this court issued ordering that the judgment of this court be carried out. See Demolli v. State, 478 S.W.2d 554 (Tex.Cr.App.1972).

Subsequent thereto, the Texas Controlled Substances Act was enacted, and Demolli now seeks benefit of the provisions of Section 4.06 thereof by petitioning the convicting court for resentencing. The respondent, judge of the convicting court, set the petition for hearing, and the relator brought these proceedings contending the said Section 4.06 is unconstitutional and that for the respondent to act thereunder would unlawfully interfere with the mandate of this court issued in Demolli's case.

We conclude that we have jurisdiction to pass upon the issue presented.

We turn now to a consideration of constitutional provisions involved in the question presented by this proceeding.

*Constitutional Authority to Grant Clemency*

Article IV, Section 11, Vernon's Ann.St. Constitution, grants to the Governor the power, after conviction, and upon the recommendation of the Board of Pardons and Paroles to grant reprieves and commutations of punishments and pardons. He is also given the power to remit fines and forfeitures.[1]

█ In drafting a constitution, the people of a state are at liberty to lodge this power in any branch of government that they may so desire. See Ex parte Miers, 124 Tex.Cr.R. 592, 64 S.W.2d 778, 780 (1933). History teaches us that for many years Texans placed almost complete pardoning power in the office of the Governor. Texas Constitutions from that of 1845 through the Constitutions of 1861 and 1866 and the original section of the present 1876 Constitution were very similar in their phraseology touching on the pardoning power. See Interpretive Commentary, Article IV, Section 11, Vernon's Ann.St. Constitution, Vol. 1, p. 797.

The present constitutional provision, Article IV, Section 11, Vernon's Ann.T.S., Constitution, was amended on November 3, 1936. It placed a limitation upon the Governor's power and provided that he must act upon the written recommendation of the Board of Pardons and Paroles in granting reprieves and commutations of punishments and pardons after conviction in all criminal cases except treason and impeachment. He also was given the author-

---

1. Article IV, Section 11, of our State Constitution reads in part as follows:

"In all criminal cases, except treason and impeachment, the Governor shall have power, after conviction, on the written signed recommendation and advice of the Board of Pardons and Paroles, or a majority thereof, to grant reprieves and commutations of punishment and pardons; and under such rules as the Legislature may prescribe, and upon the written recommendation and advice of a majority of the Board of Pardons and Paroles, he shall have the power to remit

fines and forfeitures. The Governor shall have the power to grant one reprieve in any capital case for a period not to exceed thirty (30) days; and he shall have power to revoke paroles and conditional pardons. With the advice and consent of the Legislature, he may grant reprieves, commutations of punishment and pardons in cases of treason."

See also Article 48.01, Vernon's Ann.C.C.P. Cf. former Article 955, Vernon's Ann.C.C.P. (1925).

ity to remit fines and forfeitures upon recommendation of the Board.

While a limitation was placed upon the executive's power, the general scope of the power of clemency still rests with the Governor.

Over the years the courts have had occasion to strike down any encroachment by other branches of government upon the power granted to the executive by the people. In 1930 the Supreme Court of Texas in Ferguson v. Wilcox, 119 Tex. 280, 28 S.W.2d 526, declared unconstitutional an act passed by the legislature providing a pardon for a former impeached governor. Earlier, the Court of Criminal Appeals held that whenever the power to discharge convicts before they had served their terms was conferred upon other officials the statutes were invalid. Ex parte Gore, 109 Tex.Cr.R. 244, 4 S.W.2d 38 (1928).

It is also to be observed Article II, Section 1, of our State Constitution divides the powers of government into three distinct departments, Executive, Legislative and Judicial, and further provides ". . . ; *and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.*" (emphasis supplied)

■ This clearly worded Article has been interpreted to mean that a power which has been granted to one department of government may be exercised only by that branch to the exclusion of the others. Snodgrass v. State, 67 Tex.Cr.R. 615, 150 S.W. 162 (1912). And any attempt by one department of government to interfere with the powers of another is null and void. Ex parte Rice, 72 Tex.Cr.R. 587, 162 S.W. 891 (1914). This has long been a maxim of constitutional law.

If there has been any remission of the Governor's power of clemency after conviction in criminal cases, it is to be found in Article IV, Section 11A, Vernon's Ann. St. Constitution, which provides:

"The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence, under such conditions as the Legislature may prescribe." [2]

■ This section of the Constitution is a limited grant of clemency to the courts by the people and does not encompass the general authority to grant commutation and pardons. The section itself has been held not to be self-enacting. State v. Klein, 154 Tex.Cr.R. 31, 224 S.W.2d 250 (1949).

With this constitutional background we now turn to the new enactment which has

2. The background of the adoption of this constitutional provision is interesting. The first suspended sentence law (Acts 1911, 32nd Leg., Ch. 44), which authorized courts to suspend the execution of the sentence and also to set aside and annul the former judgment, was held invalid on several grounds, one of which was that it infringed upon the pardoning power of the Governor. See Snodgrass v. State, 67 Tex.Cr.R. 615, 150 S.W. 162 (1912).

The subsequent action of the Legislature in enacting a suspended sentence law (Acts 1913, 33rd Leg., Ch. 7) was upheld in Baker v. State, 70 Tex.Cr.R. 618, 158 S.W. 998 (1913). It was held that the legislation did not conflict with the Governor's pardoning power in that it did not relieve from punishment after conviction but provided that in certain types of cases no punishment should be assessed unless the individual should once again violate the law. It was held that defining crimes and fixing penalties was a legislative function and the Legislature was authorized to provide that in certain cases no punishment should be fixed.

To remove any question, Section 11A of Article IV was adopted by the voters in 1935 and grants to the court clear constitutional authority to grant probation after the suspension of the imposition or execution of the sentence.

Pursuant to this constitutional provision, the Legislature has enacted several adult probation and parole laws. The present statutes are Articles 42.12 and 42.13, Vernon's Ann. C.C.P.

been called into controversy by this proceeding.

### Section 4.06, Texas Controlled Substances Act

Said Section 4.06, supra, provides as follows:

"Sec. 4.06 (a) Any person who has been convicted of an offense involving a substance defined as marihuana by this Act [3] prior to the effective date of this Act may petition the court in which he was convicted for resentencing in accordance with the provisions of Section 4.05 of this Act [4] whether he is presently serving a sentence, is on probation or parole, or has been discharged from the sentence.

"(b) On receipt of petition, the court shall notify the appropriate prosecuting official and shall set the matter for a hearing within 90 days.

"(c) At the hearing the court shall review the record or the prior conviction. The court *shall* resentence the petitioner in accordance with the appropriate provision of Section 4.05 and shall grant him credit for all time served on the original sentence prior to the resentencing hearing.

"(d) If the time served on the original sentence exceeds the revised sentence imposed by the court under the appropriate provision of Section 4.05, the court shall order the petitioner discharged.

"(e) In no event may resentencing under this section lengthen the petitioner's sentence or require him to pay an additional fine.

"(f) Nothing in this section shall be construed to authorize the release of a person who is serving concurrent sentences for two or more offenses, if after resentencing such person still has time remaining to be served on a concurrent sentence." (emphasis supplied)

### The Effect of Section 4.06

If the said Section 4.06 is valid, it appears from the use of the word "shall" that the convicting court [5] is given no dis-

---

3. For definition of marihuana, contained in the Texas Controlled Substances Act, see Section 1.02(17) thereof. Cf. definition in former Article 725b, Section 1(13), Vernon's Ann. P.C. (Uniform Narcotic Drug Act).

4. Section 4.05 provides:
"(a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally possesses a usable quantity of marihuana.
"(b) An offense under Subsection (a) of this section is:
(1) a felony of the third degree if he possesses more than four ounces;
(2) a Class A misdemeanor if he possesses four ounces or less but more than two ounces;
(3) a Class B misdemeanor if he possesses two ounces or less.
"(c) The possession of marihuana may not be considered a crime involving moral turpitude.
"(d) Except as otherwise provided by this Act, a person commits an offense if he knowingly or intentionally delivers marihuana.
"(e) Except as provided in Subsection (f) of this section, an offense under Subsection (d) of this section is a felony of the third degree.
"(f) An offense under Subsection (d) is a Class B misdemeanor if the actor delivers one-fourth ounce or less without receiving remuneration."

Under the provisions of Article 4.01 of the Texas Controlled Substances Act, a third degree felony carries a penalty of not more than 10 years nor less than two years in the Department of Corrections. A Class A misdemeanor carries a penalty of a term not to exceed one year in jail or a fine not to exceed $2,000.00 or by both such fine and imprisonment. Class B misdemeanors carry a penalty of a term not to exceed 180 days in jail or by a fine not to exceed $1,000.00 or by both such fine and imprisonment. See said Section 4.01(a).

5. Since under the former Article 725b, Vernon's Ann.P.C., the possession and sale, etc., of marihuana constituted felony offenses, the convicting court would be the district court as that court has felony jurisdiction in all criminal cases. See Article V, Sec. 8, Vernon's Ann.St. Constitution.

cretion but is required to set the resentencing petition for a hearing and upon such hearing "shall" resentence in accordance with the provisions of Section 4.05 of the Act. And it appears that the resentencing is to be under the provisions of Section 4.05 regardless of whether the prior conviction was possession or sale, etc., of marihuana under the former statute.

Section 4.06 further prevents the convicting court from lengthening petitioner's original sentence or from requiring an additional fine, thus placing a qualification upon resentencing under the provisions of Section 4.05 of the Act.

Thus it appears that in Demolli's case the trial judge must reduce his twenty-five year sentence. The new maximum sentence that could be imposed in view of the amount of marihuana possessed would be ten years (for a felony of the third degree). Therefore, if the respondent acted upon Demolli's petition, there would be at least a fifteen year reduction in sentence.

Putting aside the facts of the instant case, it is observed that if the amount of marihuana involved in the prior marihuana-related conviction is four ounces or less, the convicting court upon resentencing petitioner would be required to change the former conviction from that of a felony to a misdemeanor conviction, either a Class A or Class B misdemeanor, thus in effect restoring certain disabilities lost as a result of the earlier felony conviction.[6]

It seems too clear to question that if said Section 4.06 is applied in Demolli's case or those similarly situated it would result in a less severe punishment being imposed. This would result in a "commutation" as that term "means the change of the punishment assessed to a less severe one." Ex parte Lefors, 165 Tex.Cr.R. 51, 303 S.W.2d 394 (1957); Whan v. State, 485 S.W.2d 275, 279 (Tex.Cr.App.1972) (dissenting opinion). See also Young v. Young, 61 Tex. 191 (1884); Snodgrass v. State, 67 Tex.Cr.R. 615, 150 S.W.2d 162 (1912); Gilderbloom v. State, 160 Tex.Cr.R. 471, 272 S.W.2d 106, 110 (1954); Hagelberger v. United States, 445 F.2d 279, 280 (5th Cir. 1971); Black's Law Dictionary, 4th Ed., p. 351.

█ From the very wording of the statute it is clear that it extends commutation to those previously convicted of certain offenses as a mere gift or a matter of clemency upon a filing of a resentencing petition. This is clearly violative of the constitutional provision placing the power of clemency in the hands of the Governor, acting upon the recommendation of the Board of Pardons and Paroles. Ex parte Anderson, 149 Tex.Cr.R. 139, 192 S.W.2d 280 (1946).

6. See Article VI, Sec. 1, Vernon's Ann.St. Constitution, and Article 5.01, subd. 4, Election Code, Vernon's Ann.T.S., prohibiting one convicted of a felony of the right to vote. See Articles 35.16 and 35.12, Vernon's Ann. C.C.P., and Article 2133, Vernon's Ann.T.S., relating to disqualification of a convicted felon to serve on juries.

It would further appear that said Section 4.06 would authorize and require a convicting court to resentence an individual serving a life sentence as an habitual criminal under the provisions of Article 63, Vernon's Ann. P.C., where his primary offense involved the substance marihuana, completely ignoring in the resentencing the two non-capital felonies earlier alleged and utilized for enhancement of punishment.

The same would be true where the enhancement of punishment occurred as a result of prior convictions under Article 725b, Vernon's Ann.P.C. (Uniform Narcotic Drug Act), which were alleged for that purpose.

It would still further appear that any prior felony conviction involving the possession of four ounces or less would be required to be reduced to a misdemeanor conviction upon petition for resentencing regardless of the fact that such prior felony conviction was used for enhancement in a subsequent case under the provisions of Article 63, Vernon's Ann.P.C., or former Article 725b, Vernon's Ann.P.C., thus calling into question in many cases the validity of the resentencing petitioner's current confinement since misdemeanor convictions cannot be utilized for enhancement under the provisions of Articles 63 and 725b, Vernon's Ann.P.C.

■ It would also appear that where the resentencing results in a misdemeanor conviction the same would be a partial pardon. A pardon is partial when it remits only a portion of the punishment or absolves from only a part of the legal consequences of the crime. Carr v. State, 19 Tex.App. 635 (1885); Warren v. State, 127 Tex.Cr.R. 71, 74 S.W.2d 1006 (1934); 44 Tex.Jur.2d, Pardon, Reprieve, Etc., Sec. 1, p. 3; 67 C.J.S. Pardons § 1(b), pp. 562, 563. See footnote #6, supra.

■ Any statute which in any wise abridges or infringes upon the power granted to the Governor by Article IV, Section 11, would be unconstitutional. Ex parte Redwine, 91 Tex.Cr.R. 83, 236 S.W. 96 (1922). When the power of clemency has been conferred by the Constitution, it cannot be exercised by the Legislature. Ex parte Miers, 124 Tex.Cr.R. 592, 64 S.W.2d 778 (1933). See also Gilderbloom v. State, supra; Waggoner v. State, 161 Tex.Cr.R. 242, 275 S.W.2d 821 (1955).

■ Although the procedure authorized by said Section 4.06 could be referred to as a "resentencing" after conviction, the act of resentencing in Demolli's case would in fact be a "commutation." By whatever name the grant of clemency may be called, the substance of the act and not the name by which it is designated controls its effects. See Ex parte Black, 123 Tex.Cr.R. 472, 59 S.W.2d 828 (1933); Ex parte Lefors, supra. Cf. Ex parte Redwine, supra.

### Conclusion

We therefore hold that the Legislature exceeded its power in enacting Section 4.06 of the Texas Controlled Substances Act since it is violative of Article IV, Section 11, of our Constitution. To hold that said Section 4.06 should be given effect would, in our opinion, be equivalent to announcing that the Legislature, in enacting such Section, clothed district judges with the power to grant commutation, etc., after conviction, thus usurping the Governor's powers granted to him by the Constitution.

■ Of course, the Legislature is invested with the law-making power of the people and may define crimes and prescribe penalties. See Article III, Section 1, Vernon's Ann.St. Constitution. And under such authority it may prevent punishment *before conviction*. Baker v. State, 70 Tex.Cr.R. 618, 158 S.W. 998 (1913); Ex parte Muncy, 72 Tex.Cr.R. 541, 163 S.W. 29 (1914). Section 4.06 authorizing resentencing clearly applies, however, to those who are presently serving a sentence, are on probation or parole, or who have been discharged from the sentence. The Section obviously applies to those who have been convicted, and comes within the meaning of the term "after conviction" used in Article IV, Section 11, of our Constitution. See Duke v. State, 106 Tex.Cr.R. 154, 291 S.W. 539 (1927); Goss v. State, 107 Tex.Cr.R. 659, 298 S.W. 585 (1927); 44 Tex.Jur.2d, Pardon, Reprieve, Etc., Sec. 7, p. 10.

The Texas Controlled Substances Act clearly represents a re-thinking, a change in attitude toward marihuana-related offenses and the penalties to be imposed. It was in fact remedial legislation as it related to possession of marihuana. And the Legislature was not unaware of the large number of inmates in the Department of Corrections as well as those who have already been released who suffered some of the harsher penalties authorized by the former law which will no longer be imposed for the same type of offense. Undoubtedly the Legislature was also aware of difficulties and obstacles inherent in the current commutation policy of the Board of Pardons and Paroles. There can be no question but that the Legislature acted with worthy motives in mind, but today's holding cannot come as a surprise to the Legislature, for prior to the final passage of the Act Attorney General John Hill in Letter Advisory Opinion No. 38 (dated May 16, 1973) concluded that the resentencing provision was unconstitutional on the same basis that we today hold the same to be unconstitutional.

The argument has also been advanced that Section 4.06 can be sustained under the provisions of Article V, Section 8, of our Constitution prescribing the jurisdiction of the district courts, which Article provides in part:

" . . . and shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law."

While the argument is novel, we cannot conclude that the framers of our Constitution intended by such verbiage to authorize the Legislature to give the district courts the authority to grant commutation and pardons after conviction in light of the express language of Article IV, Section 11, thereof.

■ Likewise, we are not impressed with the argument that the authority contained in Article IV, Section 11A, of our Constitution for certain courts to suspend the imposition and execution of a sentence and place a person on probation can be construed as authorizing the resentencing procedure envisioned by Section 4.06.

In light of our holding, we do not reach the question raised in an amicus curiae brief by the Honorable Henry Wade, Dallas County District Attorney, to the effect that Section 4.06 is unconstitutional because the subject matter of such section is not expressed in the title to the bill (Texas Controlled Substances Act) and is violative of Article III, Section 35, Texas Constitution.[7]

■ Our holding that Section 4.06 is unconstitutional does not affect the validity of the remainder of the Texas Controlled Substances Act not here in question.[8] The Act contains a severability clause (Section 6.04), and, further, when Section 4.06 is stricken, that which remains is complete in itself and capable of being executed in accordance with legislative intent. See Gilderbloom v. State, 160 Tex.Cr.R. 471, 272 S.W.2d 106, 110 (1954).

The writ of prohibition shall issue.

It is so ordered.

ROBERTS, Judge (concurring).

I hereby concur in the opinion, and would advance the additional reasons for so holding.

I.

CAPTION

Relator contends that Section 4.06 is ineffective because no reference to it is contained in the caption of the Act, contrary to the requirements of Art. III, Section 35 of the Texas Constitution. This constitutional provision requires that an act have but a single subject which shall be expressed in its title. Its purpose is to insure that the Legislature and the public receive fair notice of the contents of a bill. See Castellano v. State, 458 S.W.2d 73 (Tex. Cr.App.1970). In order to comply, the title need not be as full as the act itself, nor must it set forth the details of how the legislative purpose is to be accomplished, but it should reasonably apprise the legisla-

7. Article III, Section 35, Vernon's Ann.St. Constitution, reads in part:
  "No bill . . . shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

8. It is expressly noted that Section 6.01(c) of the Act is not challenged by this proceed-

ing. We express no opinion thereon. Such subsection (c) reads:
  "In a criminal action pending, on appeal, or commenced on or after the effective date of this Act, for an offense committed before the effective date, the defendant, if adjudged guilty, shall be assessed punishment under this Act if he so elects by written motion filed with the trial court requesting that the court sentence him under the provisions of this Act."

tors of the contents. See San Antonio & A. P. Ry. Co. v. State, 128 Tex. 33, 95 S.W.2d 680 (1936).

The caption of the 1973 Controlled Substances Act reads:

"An Act relating to regulation of the manufacture, distribution, possession, and use of certain drugs and controlled substances; prescribing penalties . . . repealing the Uniform Narcotic Drug Act, as amended (Article 725b, Vernon's Texas Penal Code) . . ."

The title also lists a number of other repealed or amended statutes and declares an emergency. The only language in the caption which can be said to relate to the subject of Section 4.06 of the Act is " . . . prescribing penalties . . ." and " . . . repealing the Uniform Narcotic Drug Act . . ."

This Court recognizes the rule that a more liberal construction should be accorded to the captions of original enactments than is applied to titles of amendatory acts. Praetorians v. State, 184 S.W.2d 299 (Tex.Civ.App.—Austin 1944—writ dism'd.). However, such a construction will not be followed to the extent of allowing the Legislature to by-pass constitutional restrictions. Gulf Insurance v. James, 143 Tex. 424, 185 S.W.2d 966 (1945).

The Supreme Court of Texas has applied these principles to the caption of an original enactment (Art. 2615f, § 2, V.A.C.S., 1965, Polygraph Examiner's Act), and found the Act unconstitutional. See Fletcher v. State, 439 S.W.2d 656 (Tex. 1969). In that case, the caption of the Act provided for the licensing of polygraph examiners and set up a polygraph examiner's board. A provision of the Act, however, purported to regulate the use of all devices for verifying the truth of statements. The State argued that there was a close relationship between a polygraph and other machines known as "lie detectors" and that the term "polygraph" embraced all such devices. That Court held that the language

of the title was not sufficient to give notice of the subject of the Act.

In White v. State, 440 S.W.2d 660 (Tex.Cr.App.1969), this Court dealt with an amendment to Art. 726d, V.A.P.C. (Dangerous Drug Act) which made substantial changes in the penalty provisions of the Act without containing reference thereto in the title. The Court noted that it was applying a somewhat stricter rule of construction since the subject was an amendment, but said, at p. 666:

" . . . Even the most liberal of constructions will not be enough to uphold the act . . ."

The Court also said, at footnote #8:

"No reference is made in the title to penalty though the title specifies Section 15 is to be amended. Even if the title be construed as giving fair notice that special penalties for the acts made unlawful by the amendment were being provided, such title still would not be sufficient to give fair notice to the Legislature or call to the public's attention the former uniform penalty was being materially restricted and penalties for other offenses were being omitted altogether."

I have concluded that the caption of Art. 725f, V.A.P.C. is inadequate to give fair notice to the Legislature or the public that Section 4.06 of the Act would allow resentencing in cases which would otherwise be final judgments under prior law. No language of the caption gives any indication that a portion of the Act is to have retroactive effect with respect to penalties. The sufficiency of the title is determined by what the title says, not by what it was intended to say. White v. State, supra. A mere reading of the caption alone, without reference to the body of the Act, discloses neither the presence of Section 4.06 nor any expression of purpose which would support its presence.

In keeping with the language of Art. III, Section 35, Texas Constitution, and in view of the fact that the Act contains a

severability clause, I would hold only that Section 4.06, of Art. 725f, V.A.P.C. (Texas Controlled Substances Act), Laws 1973, 63rd Leg., ch. 429, is unconstitutional and void.

## II.

## COMMUTATION

I observe, additionally, that the people of this State through the Constitution have vested the power to grant pardons and commutations solely and exclusively in the Governor, upon recommendation of the Board of Pardons and Paroles. Texas Constitution, Art. IV, Section 11; Gilderbloom v. State, 160 Tex.Cr.R. 471, 272 S. W.2d 106 (1954); Ex parte Anderson, 149 Tex.Cr.R. 139, 192 S.W.2d 280 (1946); Ex parte Miers, 124 Tex.Cr.R. 592, 64 S.W.2d 778 (1933); Underwood v. State, 111 Tex.Cr.R. 124, 12 S.W.2d 206 (1928); Ex parte Redwine, 91 Tex.Cr.R. 83, 236 S.W. 96 (1922); Ex parte Rice, 72 Tex.Cr.R. 587, 162 S.W. 891 (1914). Any attempt to exercise these powers by another branch of government would be void. Snodgrass v. State, 67 Tex.Cr.R. 615, 150 S.W. 162 (1912).

In Gilderbloom v. State, supra, this Court defined "commutation" as the changing of the punishment assessed against a convicted defendant into a less severe penalty, and in Whan v. State, 485 S.W.2d 275 (Tex.Cr.App.1972) we held that the power to grant commutation could be exercised at any time after a sentence was imposed. Thus, to the extent that any resentencing provision would operate as an attempt to enable either the Legislature or the courts to grant commutation, such a provision would be invalid as an infringement of the constitutional powers of the executive.

For the reasons stated, I would have the writ of prohibition issue.

ODOM, J., concurs with ONION, P. J., and ROBERTS, J.