The STATE of Texas, Appellant,

v.

Robert Louis FLOOD, Appellee.

No. 01–90–01055–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 22, 1991.

Bobbi Blackwell, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Alan Curry, Asst. Harris County Dist. Atty., for appellee.

Before SAM BASS, MIRABAL and HUGHES, JJ.

## OPINION

HUGHES, Justice.

Pursuant to Tex.Code Crim.P.Ann. art. 44.01(a)(2) and 44.01(b) (Vernon Supp.1991),

the State submits this appeal complaining of the trial court's resentencing Robert Louis Flood, appellee. We reverse.

On February 15, 1971, appellee pled, and was found, guilty for possession of marihuana. Appellee's punishment was assessed at four years confinement, probated. A little over a year later, it was determined that appellee had violated the terms of his probation, and he was sentenced to four years confinement. On September 18, 1974, then Governor Dolph Briscoe commuted appellee's sentence to time served.

More recently, appellee filed a petition requesting re-sentencing. On October 31, 1990, a hearing was conducted in the trial court, pursuant to Tex.Health & Safety Code Ann. § 481.110 (Vernon Pamph. 1991).[1] Section 481.110 affords a person convicted before August 27, 1973, of an offense involving marihuana, the opportunity to petition the court in which the person was convicted, for re-sentencing in accordance with Tex.Health & Safety Code Ann. § 481.120 (Vernon Pamph.1991) or § 481.121 (Vernon Pamph.1991). At the conclusion of that hearing, the trial court re-sentenced appellee to six months detention in the Harris County jail, with credit for time served.

In its first point of error, the State argues that § 481.110 is unconstitutional because it represents the mere re-codification of Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.06.[2]

---

**1.** § 481.110. Resentencing

(a) A person who has been convicted of an offense involving marihuana before August 27, 1973, may petition the court in which the person was convicted for resentencing in accordance with Section 481.120 or 481.121, whether the person is presently serving a sentence, is on probation or parole, or has been discharged from the sentence.

(b) On receipt of the petition, the court shall notify the appropriate prosecuting official and shall set the matter for hearing not later than the 90th day after the date the court receives the petition.

(c) At the hearing the court shall review the record of the prior conviction. The court shall resentence the petitioner in accordance with Section 481.120 or 481.121, and shall grant the

petitioner credit for all time served on the original sentence before the re-sentencing hearing.

(d) If the time served on the original sentence exceeds the revised sentence imposed by the court, the court shall order the petitioner discharged.

(e) In re-sentencing the petitioner, the court may not increase the petitioner's sentence or require the petitioner to pay an additional fine.

(f) This section does not authorize the release of a person who is serving concurrent sentences for two or more offenses if after re-sentencing the person still has time remaining to be served on a concurrent sentence.

**2.** Texas Controlled Substance Act, 63rd Leg., R.S., ch. 429 § 4.06, 1973 Tex.Gen.Laws 1132, 1154, repealed by Act of June 14, 1989, 71st Leg., R.S., ch. 678 § 13(1), 1989 Tex Gen.Laws 2230, 3165. Section 4.06 reads as follows:

In *State ex rel. Smith v. Blackwell,* 500 S.W.2d 97, 104 (Tex.Crim.App.1973) section 4.06 was found to be unconstitutional. There, the Court of Criminal Appeals determined that re-sentencing pursuant to section 4.06 would result in a less severe punishment being imposed, *Id.* at 103, and that such re-sentencing constituted an extension of "commutation" (defined as a change of the punishment assessed to a less severe one). *Id.* The court determined that, in essence, the commutation of a sentence to those previously convicted was in actuality a mere gift of clemency. Moreover, re-sentencing, resulting in reducing a felony conviction to a misdemeanor conviction constitutes a partial pardon. The court noted that TEX. CONST. art. IV, § 11 places the power of clemency in the governor. *Id.* at 101. The court concluded that: 1) any statute which in any way abridges or infringes upon a constitutional power granted to the governor would be unconstitutional; and 2) because the power of clemency has been conferred by the constitution on the governor, it cannot be exercised by the legislature. *Id.* at 104.

◼ Upon comparison of TEX.HEALTH & SAFETY CODE ANN. § 481.110, and TEX.REV. CIV.STAT.ANN. art. 4476–15 § 4.06, it becomes evident that the State's assertion is correct and the sections are substantially similar. Furthermore, the general provisions of the Health and Safety Code provide that it was enacted as part of this State's continuing statutory revision program, with the objective to make the law more accessible without making substantive change. See TEX.HEALTH & SAFETY

CODE ANN. § 1.001(a) and (b) (Vernon Pamph.1991). Consequently, we find TEX. HEALTH & SAFETY CODE ANN. § 481.110 unconstitutional because only the governor, not the legislature nor the judiciary, has the power of clemency under the Texas Constitution.

The State's first point of error is sustained.

Our determination that section 481.110 is unconstitutional does not necessarily resolve all issues in this cause. In two cross-points of error, appellee asserts that the re-sentencing constitutes an implied judgment of acquittal of the felony offense for possession of marihuana. Appellee further argues that federal and state constitutional prohibitions against double jeopardy bars this Court from revising the judgment and sentence of the trial court, even when the entry of judgment is improper.

◼ We hold that any judgment rendered pursuant to section 481.110 is void. Further, we hold jeopardy does not attach to a void judgment. *See Hoang v. State,* 810 S.W.2d 6, 8 (Tex.App.—Dallas 1991, pet. filed).

Appellee's cross-points of error are overruled, and this case is remanded to the trial court. Because the disposition of the State's first point of error grants the State all relief requested, we need not consider its second point of error.

(a) Any person who has been convicted of an offense involving a substance defined as marihuana by this Act prior to the effective date of this Act may petition the court in which he was convicted for re-sentencing in accordance with the provisions of Section 4.05 of this Act whether he is presently serving a sentence, is on probation or parole, or has been discharged from the sentence.

(b) On receipt of petition, the court shall notify the appropriate prosecuting official and shall set the matter for a hearing within 90 days.

(c) At the hearing the court shall review the record or the prior conviction. The court shall resentence the petitioner in accordance with the appropriate provision of Section 4.05 and shall

grant him credit for time served on the original sentence prior to the resentencing hearing.

(d) If the time served on the original sentence exceeds the revised sentence imposed by the court under the appropriate provision of Section 4.05, the court shall order the petitioner discharged.

(e) In no event may resentencing under this section lengthen the petitioner's sentence or require him to pay an additional fine.

(f) Nothing in this section shall be construed to authorize the release of a person who is serving concurrent sentences for two or more offenses, if after resentencing such person still has time remaining to be served on a concurrent sentence.