In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00104-CR


______________________________




LANCE UNDERWOOD, a/k/a CLARENCE LARRY UNDERWOOD, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 29035-B




 




Before Morriss, C.J., Ross and Grant*, JJ.


Opinion by Justice Grant




______________

*Ben Z. Grant, Justice, Retired, Sitting by Assignment

O P I N I O N
I. Factual and Procedural Summary

 Lance Underwood, also known as Clarence Larry Underwood, pleaded guilty to theft of
property, a socket set valued at less than $1,500, enhanced by two prior convictions. The trial court
sentenced Underwood to eighteen months in a state jail facility, with no fine assessed. In two related
points of error, Underwood contends 1) that his sentence violates both federal and state constitutional
prohibitions against cruel and unusual punishment, and 2) that his sentence constitutes involuntary
servitude under the Thirteenth Amendment to the United States Constitution. 

 After accepting Underwood's guilty plea, the trial court asked the State for its
recommendation on punishment. The State recommended a sentence of twelve months in a state jail
facility. Underwood agreed. The trial court rejected the State's recommendation and sentenced
Underwood to eighteen months in a state jail facility. The court determined that "based on the
totality of the evidence, including evidence about prior involvements with the criminal justice
system," twelve months was not a long enough sentence. 

 In making its determination, the trial court had the following evidence before it:
1) Underwood's stipulation that all things in the indictment were true, 2) Underwood's stipulation
that he had been convicted of two previous thefts, and 3) a police report, including a record check
showing Underwood had ten prior theft convictions. 



II. Discussion

A. Cruel and Unusual Punishment

 In his first and second points of error, Underwood raises both federal and state constitutional
claims. Although he presents these claims separately, he cites no authority requiring us to analyze
the two claims differently; therefore, we address these claims together. See Jackson v. State, 989
S.W.2d 842 (Tex. App.-Texarkana 1999, no pet.). 

 Underwood contends his eighteen-month sentence, day for day, constitutes cruel and unusual
punishment. Specifically, Underwood contends his sentence is unconstitutionally disproportionate
to his crime. 

 1. Background 

 U.S. Const. amend. VIII states, "Excessive bail shall not be required, nor excessive fines
imposed, nor cruel and unusual punishment inflicted." (Emphasis added.) Tex. Const. art. I, § 13
restates this prohibition, except it substitutes the phrase "cruel or unusual punishment." (Emphasis
added.)

 The Legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655 (Tex. App.-Texarkana 1995, pet. ref'd) (citing State ex rel. Smith v.
Blackwell, 500 S.W.2d 97, 104 (Tex. Crim. App. 1973)). Texas courts have traditionally held that
as long as the punishment is within the range established by the Legislature in a valid statute, the
punishment assessed does not violate either the federal or Texas prohibitions against cruel and
unusual punishment. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973);
Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972). 

 But in 1983, the United States Supreme Court in Solem v. Helm, 463 U.S. 277, 292 (1983),
held the Eighth Amendment prohibits not only barbaric punishments, but also sentences that are
disproportionate to the crime committed. The Court in Solem provided a test for reviewing sentences
for disproportionateness. The test went beyond the presumption that if a sentence falls within the
range established by statute, then it is constitutional. See Jackson, 989 S.W.2d at 846. Specifically,
the test required a court's proportionality analysis to be guided by objective criteria, including 1) the
gravity of the offense and the harshness of the penalty; 2) the sentences imposed on other criminals
in the same jurisdiction; and 3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. 

 In 1991, the United States Supreme Court in Harmelin v. Michigan, 501 U.S. 957 (1991),
again addressed the proportionality analysis. Although a majority of the justices agreed the Eighth
Amendment provides a guaranty against disproportional sentences, only four justices continued to
support an application of all three factors of the Solem analysis. See generally McGruder v. Puckett,
954 F.2d 313, 316 (5th Cir. 1992) (detailing the split among the Court on the application of Solem
proportionality analysis). 

 This court has also confronted the proportionality issue. In Davis, 905 S.W.2d at 665, we,
too, questioned the viability of the Solem analysis in light of Harmelin, but applied the test and found
that Davis's punishment was not grossly disproportionate. Finally, in Jackson we clarified our
proportionality analysis. We recognized that under the United States and Texas Constitutions 1) a
prohibition against "grossly disproportionate" sentences survives independently of legislative
punishment ranges, and 2) a modified Solem analysis applies-we only compare the appellant's
sentence to sentences for similar crimes in the same and other jurisdictions if we infer the appellant's
sentence is grossly disproportionate to the offense. Jackson, 989 S.W.2d at 846; see also McGruder,
954 F.2d at 316; Davis, 905 S.W.2d at 664-65.

 2. Analysis

 In the present case, Underwood did not present the issue of cruel and unusual punishment
to the trial court; therefore, he did not preserve it for our review. See Tex. R. App. P. 33.1(a);
Jackson, 989 S.W.2d at 844. Even if he had preserved his contention, we do not believe his sentence
is grossly disproportionate to the offense. Under the indicted offense, eighteen-months is well within
the statutorily prescribed range of 180 days to two years. Underwood stipulated to the truth of the
indictment and to two prior theft convictions. In addition, the trial court had before it a police report
indicating Underwood had ten prior convictions for theft. Given the record, we conclude
Underwood's sentence is not grossly disproportionate. Even if we were persuaded that Underwood's
sentence is grossly disproportionate, there is no evidence in the record comparing the sentences
imposed on persons in Texas and in other jurisdictions who committed a similar offense. See
Latham v. State, 20 S.W.3d 63, 68 (Tex. App.-Texarkana 2000, pet. ref'd); Davis, 905 S.W.2d at
664-65. Underwood's contention is without merit. 

B. Involuntary Servitude

 Underwood next contends the last six months of his sentence constitutes involuntary
servitude under the Thirteenth Amendment to the United States Constitution. His contention is
premised on the argument that the last six months of his sentence is illegal. Specifically, Underwood
claims that when imposing the additional six months, the trial court went outside the record. We
have already established there was sufficient evidence before the trial court to support its decision
to impose an eighteen-month sentence. Therefore, Underwood's second point of error is overruled.

 The judgment is affirmed.

 

 Ben Z. Grant

 Justice*



*Justice, Retired, Sitting by Assignment



Date Submitted: December 5, 2002

Date Decided: January 9, 2003


Do Not Publish