

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 22, 2013

The Honorable R. Scott McKee
173rd Judicial District Attorney
109 West Corsicana, Suite 103
Athens, Texas 75751

Opinion No. GA-1000

Re: Whether article 42.12, sec. 15(h) of the Code of Criminal Procedure, which authorizes a judge to award confined defendants time credit for participation in an educational, vocational or treatment program, violates the Texas Constitution (RQ-1094-GA)

Dear Mr. McKee:

You ask whether article 42.12, section 15(h) of the Code of Criminal Procedure violates the Texas Constitution.[1] Article 42.12, titled "Community Supervision," governs the process by which courts may suspend the imposition of a criminal defendant's sentence and place the defendant on probation. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 1 (West Supp. 2012). As that process relates to state jail felony facilities, section 15(h) provides that "[a] defendant confined in a state jail felony facility does not earn good conduct time for time served in the facility but may be awarded diligent participation credit . . . ." *Id.* § 15(h)(1). Diligent participation credit is awarded in accordance with subsection 15(h)(6), which provides:

> A judge, based on the report [of the Texas Department of Criminal Justice], may credit against any time a defendant is required to serve in a state jail felony facility additional time for each day the defendant actually served in the facility while diligently participating in an educational, vocational, treatment, or work program. A time credit under this subdivision may not exceed one-fifth of the amount of time the defendant is originally required to serve in the facility.

*Id.* § 15(h)(6). Subsection 15(h)(6) gives the judge of the sentencing court the discretion, if the defendant satisfies certain conditions, to shorten the time a defendant is required to serve in a

---

[1]Letter from Honorable R. Scott McKee, Henderson Cnty. Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1–2 (Oct. 16, 2012), http://texasattorneygeneral.gov/opin ("Request Letter").

state jail felony facility by up to twenty percent.[2] *Id.*; *see also* House Comm. on Corrections, Bill Analysis, Tex. H.B. 2649, 82d Leg., R.S. (2011) (acknowledging that HB 2649 will allow for the reduction of sentences).

You ask whether subsection 15(h)(6), enacted in 2011 by House Bill 2649, violates article II, section 1 and article IV, section 11 of the Constitution. Request Letter at 1–2; *see* Act of May 24, 2011, 82d Leg., R.S., ch. 542, § 1, 2011 Tex. Gen. Laws 1331, 1331–32. Courts have analyzed these two constitutional provisions in tandem, so we will address your questions together. *See, e.g., State ex rel. Smith v. Blackwell*, 500 S.W.2d 97, 100–01 (Tex. Crim. App. 1973).

Article II, section 1 of the Constitution separates the powers of Texas government into the legislative, executive, and judicial branches. TEX. CONST. art. II, § 1. "[N]o person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others," except as expressly permitted by the Constitution. *Id.* Article IV, Section 11 provides that "[i]n all criminal cases, except treason and impeachment, the Governor shall have power, after conviction or successful completion of a term of deferred adjudication community supervision . . . to grant reprieves and commutations of punishment and pardons." TEX. CONST. art. IV, § 11(b). This power is limited only by the requirement that the Governor must exercise it upon the written recommendation and advice of the Texas Board of Pardons and Paroles. *Id.* Otherwise, courts have determined that the power belongs exclusively to the Governor and "cannot be exercised, directly or indirectly, either by the legislative or judicial department." *Snodgrass v. State*, 150 S.W. 162, 166 (Tex. Crim. App. 1912). Any statute that attempts to do so would be unconstitutional. *State ex rel. Smith*, 500 S.W.2d at 104.

In answering your questions, we are mindful that statutes are presumed to be constitutional. TEX. GOV'T CODE ANN. § 311.021(1) (West 2005). The Court of Criminal Appeals has defined commutation as a change in "the punishment assessed to a less severe one." *State ex rel. Smith*, 500 S.W.2d at 103. Under subsection 15(h)(6), diligent participation credits shorten a defendant's required term of confinement, effectively imposing a less severe sentence. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 15(h)(6) (West Supp. 2012). Therefore, subsection 15(h)(6) amounts to a commutation, as that term has been defined by the Court of Criminal Appeals. This does not, however, render subsection 15(h)(6) unconstitutional. In construing commutation statutes, the Court of Criminal Appeals has distinguished between commutation given as a "mere gift or a matter of clemency," which power is constitutionally reserved for the Governor, and commutation earned by good conduct, which is not. *See, e.g., Ex Parte Anderson*, 192 S.W.2d 280, 281–82 (Tex. Crim. App. 1946) (stating that the "power of the Legislature to authorize, by statute, [commutation] for good conduct is generally accepted"). For example, a statute that required a judge to resentence a defendant in a manner that resulted in a shorter

---

[2]A defendant may be required to serve time in a state jail felony facility either as part of a sentence for conviction of a state jail felony, or as a condition of community supervision. TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(d) (West Supp. 2012). The language of subsection 15(h)(6) makes it applicable to either reason for confinement.

sentence was held to be an unconstitutional extension by the Legislature of commutation "as a mere gift or a matter of clemency" because the defendant could receive a reduced sentence simply by filing a motion. *State ex rel. Smith*, 500 S.W.2d at 102–03. By contrast, the Court upheld the constitutionality of a statute that granted commutation only after a convict, "by his own good conduct, had earned it." *Ex Parte Anderson*, 192 S.W.2d at 282.

In order to receive diligent participation credit under subsection 15(h)(6), a defendant must first "diligently participate" in one of the specified types of rehabilitative programs. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 15(h)(6) (West Supp. 2012). Only then may the judge award commutation. The statute does not permit or require the judge to shorten a sentence unless the defendant first earned diligent participation credit. Therefore, a court would likely conclude that the reduction in punishment authorized by subsection 15(h)(6) does not constitute commutation given "as a mere gift or as a matter of clemency," and thus is not violative of article IV, section 11. *Ex Parte Anderson*, 192 S.W.2d at 282. Consequently, a court would likely further hold that a judge's award of diligent participation credit under subsection 15(h)(6) does not interfere with an expressly granted executive power, and thus does not violate article II, section 1.

## S U M M A R Y

A court would likely conclude that article 42.12, subsection 15(h)(6) of the Code of Criminal Procedure does not conflict with article IV, section 11 or article II, section 1 of the Texas Constitution.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee